Rozzelle v. The Hannibal & St. Joseph Railroad Company.

ROZZELLE v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroad**: DAMAGE TO CATTLE: COMPLAINT. A complaint in an action under the 43rd section of the Railroad Law for killing cattle, alleged that the cattle "came upon the track and were run over and killed at a point on the same where it passes through uninclosed lands and at a point on said road where there was no public or private crossing." *Held,* that these averments sufficiently negatived the possibility that the killing took place in a city, town or village, or at a station. See *Wade v. Mo. Pac. R'y Co.,* 78 Mo. 362.

2. ——: DUTY TO FENCE. The fact that a railroad track runs parallel with and adjoining a public highway or another railroad track, does not exempt the company from the duty of fencing when it passes through inclosed and cultivated fields or uninclosed lands.

*Appeal from Clay Circuit Court.*—HON. GEORGE W. DUNN, Judge.

AFFIRMED.

*G. W. Easley* for appellant.

*Rozzelle & Spiker* and *Simrall & Sandusky* for respondent.

HENRY, J.—This action was instituted in the circuit court of Clay county to recover double damages of defendant for killing four steers, the property of plaintiff. The petition alleges that the cattle " came upon the railroad track and were run over and killed at a point on the same where it passes through uninclosed lands, and at a point on said road where there was no public or private crossing," and where said road was not fenced. Plaintiff had judgment from which this appeal is prosecuted.

The first question relates to the sufficiency of the petition, and it is contended that " for aught that appears in the petition the animals may have been killed in a city, town or village, or at a station." This question was recently passed upon by this court in *Rutledge v. Hann. & St. Jo. R. R. Co.*, 78 Mo. 286, and decided adversely to defendant, and we might dispose of this by a simple reference to that case, and will only add that in speaking of the subdivisions of a tract or tracts of land embraced in town or city plats, they are almost invariably mentioned as blocks or lots, and when one speaks of a tract of land, he is understood to refer to a tract not so subdivided. The petition might, and, as the suit was commenced in the circuit court, should have been more specific, but, after verdict, we must hold it sufficient.

Appellant's counsel also insists that at the point where the cattle were killed, the defendant was under no obligation to fence. The plaintiff was driving a lot of cattle from Kansas City, north, and the four that were killed strayed from the public road and passing over the St. Louis, Kansas City & Northern Railway got upon defendant's track and were killed by a train of cars. " For some distance before you reach the crossing," said a witness, " the defendant's track, the track of

*Margin notes:* 1. RAILROAD: damage to cattle: complaint.  2. ——: duty to fence.

the St. Louis, Kansas City & Northern Railway, and a public road, run alongside of and parallel with each other. The track of the St. Louis, Kansas City & Northern Railway is south of and about ten feet distant from defendant's track, the public road is south of the track of the St. Louis, Kansas City & Northern Railway, and runs immediately along the edge of the embankment upon which it is built, and the Missouri River is south of and close to the public road. There is a strip of beach between the public road and the river." The two railroads and the public road run parallel with each other for about 200 yards west of the crossing and the cattle got on defendant's road about fifty yards above the crossing.

The case of *Rutledge v. Railroad Co., supra,* decided this question also. The object of the statute is to afford protection to private property, as well as to passengers on trains. The owner may lawfully permit his stock to run at large, and, if they stray upon the track of a railroad it is no defense that the highway and the railroad run parallel, and that the right of way of the company adjoined the highway. A highway and a railroad track might so run for miles through uninclosed prairie land upon which thousands of cattle are grazing. Such was the case with several of the railroads in this State when the Double Damage Act was first enacted. It does not follow because a railroad right of way is parallel to and adjoining a public road, that the railroad built upon that right of way, does not run through the land upon which the highway is established and opened.

Nor does the fact that the track of the St. Louis, Kansas City & Northern Railway Company lay between the defendant's road and the highway, and that the two railroad tracks were but nine feet apart, excuse the defendant from erecting fences. The St. Louis, Kansas City & Northern Railway is but an easement over the land it occupies. The duty of fencing is imposed on each road, and even if the other road had erected the required fence adjoining the

highway, and the cattle had strayed from the highway on to that road through a defect in the fence occasioned by an accident which would have exempted that company from liability had they been killed on that road, and from that, had strayed upon defendant's road and been killed, the defendant would have been liable to the owner.

Judgment affirmed. All concur, HOUGH, C. J., in the result.