MORRIS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Railroads**: DOUBLE DAMAGES FOR KILLING LIVE STOCK: PLEADING: JEOFAILS. In an action for double damages for killing plaintiff's hog, (R. S. 1879, § 809,) the petition alleged that the hog was killed at a point on defendant's railroad track where the same was not inclosed by a lawful fence sufficient to prevent the hog from getting on the track, and that plaintiff's damage was caused by the failure of defendant to erect and maintain lawful fences sufficient to prevent the hog from straying on the track. *Held*, that this sufficiently showed that the animal came upon the track by reason of the company's failure to fence, and the petition was good after verdict.

2. ———: ———. It is the rule that a railroad company is entitled to a reasonable time after it discovers its fences to be out of repair, or after it could in the exercise of reasonable diligence have made the discovery, in which to make the necessary repairs, and until that time has elapsed is not liable under the 43rd section of the Railroad Law for animals killed on the track; but this rule can have no application in a case where it is shown that there was no fence at all.

3. **Instructions:** HARMLESS ERROR. This court will not reverse a judgment for error in instructions given below, if it is manifest that the appellant has not been injured.

4. **Railroads:** THEIR DUTY TO FENCE. Under the 43rd section of the Railroad Law, (R. S. 1879, § 809,) the companies are required to fence everywhere along their lines outside of towns and cities, except at public crossings and depot grounds; and the fact that a public highway runs alongside a railroad and adjoining it does not exempt the company from this duty.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB,. Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

*Thos. Ryan* for respondent.

HOUGH, C. J.—This is a suit under the 43rd section of the Railroad Law, (R. S., § 809,) for damages for stock killed and injured by reason of the failure of defendant to erect and maintain fences as required by law. The petition contains three counts which are substantially the same, except as to dates and the description of the stock killed and injured.

The first count is as follows: Plaintiff states that defendant is indebted to him in the sum of $15 for the killing 1. RAILROADS: double damages for killing live stock: pleading: jeofails. of one hog, the property of plaintiff, by defendant's engines and cars, which were used and operated by the agents and servants of defendant; that plaintiff's said hog was killed as aforesaid on the 1st day of April, 1879, at a point of defendant's railroad track and at a point where the same was not inclosed by lawful fence sufficient to prevent plaintiff's said hog from getting upon defendant's said track, and where said railroad track runs through, along and adjoining the inclosed pasture-field of plaintiff; that the point where said hog got upon defendant's railroad and where said hog was killed is in Washington township, Buchanan

county, Missouri; that said hog was not killed at any public or private road crossing on defendant's said railroad track; that plaintiff has been damaged as aforesaid by reason of the failure of defendant to erect and maintain lawful fences sufficient to prevent plaintiff's said hog from straying on defendant's railroad track as aforesaid; and that by virtue of section 43, article 2, chapter 37, Wagner's Statutes of Missouri, and of the amendment thereto, plaintiff is entitled to recover of defendant double the value of said hog; wherefore plaintiff asks judgment for $30 and costs.

The sufficiency of this petition was assailed at the trial and is denied here. Under the decision of this court in *Edwards v. Railroad Co.*, 74 Mo. 117, this petition is good after verdict.

The defendant also contends that the judgment is without evidence to support it, inasmuch as no testimony was offered from which it could be determined whether the defendant was guilty of negligence in failing to repair its fence, the plaintiff having failed to show how long the fence had been down. In *Clardy v. Railroad Co.*, 73 Mo. 576, this court said that "after fences have once been erected as required by law, the company is only liable for a negligent failure to maintain such fences; and it is, therefore, entitled to a reasonable time in which to make repairs after having knowledge of a defect therein or after that period has elapsed in which, by the exercise of reasonable diligence, it could have had knowledge of such defect." The objection to the sufficiency of the evidence cannot be sustained in this case, as it does not appear from the record before us that the defendant ever constructed a lawful fence where the stock injured and killed entered upon its right of way. Indeed it is fairly inferable from the testimony that the defendant did not perform its statutory duty in that regard. *Chubbuck v. Railroad Co.*, 77 Mo. 591.

It is further contended that the court erred in not confining the jury to a finding of the value of the animals in-

3. INSTRUCTIONS: harmless error. jured and killed. The instruction given by the court directed the jury to assess the damages "at such sum as they might believe from the evidence that plaintiff had suffered by the killing or injuring of his hogs, not to exceed the amount claimed in his petition," which was double the value of the hogs. There is no conflict in the evidence as to the value of the hogs injured and killed, and the verdict of the jury on each count was for the precise sum which the witnesses stated they were worth, and the sum was doubled by the court. Conceding the instruction of the court to be erroneous, it is manifest that the defendant has not been injured thereby.

The third count of the petition is for injuries to a mare which the testimony shows came upon the defendant's right 4. RAILROADS: their duty to fence. of way from a public road which runs parallel with the defendant's track and adjoins its right of way; and the defendant contends, on the authority of *Walton v. Railroad Co.*, 67 Mo. 58, that in such case it is not liable for double damages for its failure to erect and maintain a lawful fence between its right of way and the highway, and that plaintiff's action should have been brought under the 5th section of the Damage Act for single damages. The case of *Walton v. Railroad Co.* was decided under the statute requiring fences to be constructed when the right of way of the railroad adjoins inclosed or cultivated fields and uninclosed prairie lands. In that case it appeared that there was a strip of inclosed timber land lying on either side of the railroad and separating the right of way from the inclosed fields beyond, and it was held that the defendant was not liable for double damages, but only for single damages under the 5th section of the Damage Act. That decision is undoubtedly correct, but the point in judgment there is inapplicable here. In that case, it is true, the reasoning of this court in *Robinson v. Railroad Co.*, 57 Mo. 494, was criticised, but the judgment was approved as it was a suit for single damages under the 5th section of the Damage Act. The statute under which these

cases were decided, has been amended however, and whatever difference of opinion may exist as to the duty of the railroad to fence under the old law, we are all of opinion that fences are now required to be erected everywhere outside of towns and cities, except at public crossings and depot grounds. *Vide Rutledge v. Railroad Co.*, 78 Mo. 286, and *Rozzelle v. Railroad Co.*, ante, p. 349.

The judgment of the circuit court will be affirmed. All the judges concur.

In another case between the same parties, HOUGH, C. J., delivering the opinion, said: The petition in this case is substantially the same as that in *Morris v. Railroad Co.*, just decided, and for the reasons there given we hold it sufficient to support the judgment. There is testimony to support the verdict, and no error in the instructions, and the judgment will, therefore, be affirmed. All concur.