## DICKSON v. ROUSE, *Appellant*.

1. **Taxes**: COLLECTOR: SEIZURE. A collector can seize personal property by virtue of the tax-book and annexed warrant, commanding the collection of the personal tax appearing in the tax-book, although the latter may not conform to the law in containing upon its face a descriptive list of the personal property upon which the tax was claimed.

2. **Collector**: WARRANT. The tax-book and warrant having been delivered to the defendant as collector upon his accession to office, he having been appointed in the place of another who failed to qualify, the fact that the warrant itself was addressed to the latter does not affect the validity of the seizure and levy made by the defendant.

*Appeal from Hannibal Court of Common Pleas.*—Hon. John
T. Redd, Judge.

Reversed.

*Orr, Johnson & Foreman* for appellant.

The list of taxable property is sufficient. R. S. of Ill.
1874, p. 870, § 78. The assessment having been made, the
judgment rendered and the warrant being in the hands of
the collector, it was his duty to execute it. He could not
constitute himself a court of correction. The laws of Illinois provide a remedy for the assessed. *Feisenthal v. Johnson*, 104 Ill. 21. The warrant was not defective because
there was no descriptive list in the tax-book of the personal
property. *Chinigny v. People*, 78 Ill. 574. The warrant
protected the collector just as an execution would a sheriff.
*Hill v. Figby*, 25 Ill. 156; 23 Ill. 574; Herman on Execution, §§ 151, 152.

*Thos. P. Gatts* and *Geo. A. Mahan* for respondent.

Defendant was acting under the warrant addressed to
Wm. Gatts and acted wholly without authority. Ill. St.
1874, chap. 120, §§ 132, 136; Ill. St. 1874, p. 883, § 153,
also p. 879, § 133. The warrant must strictly conform to
the statute and be fair on its face. Cooley on Tax., p. ——.
The tax-book was illegal, because it did not contain on its
face a list or description of the property or any part thereof
upon which the tax was claimed. Ill. St. 1874, chap. 120,
§ 123; Ill. St. 1874, chap. 120, § 25; Cooley on Tax., pp.
258, 259; 54 N. Y. 62; 15 N. Y. 316. Unless defendant
can justify under his alleged warrant, he was a trespasser.
Cooley on Torts, 461; 5 Wend. 240; 1 Otto 153; Cooley
on Tax., p. 292. Plaintiff and his partner were doing business in Adams county, Illinois, and the cord-wood on which
the tax was assessed could not be taxed in Pike county,

Illinois, although situate in the latter county. Cooley on Tax., p. 271; *St. Louis v. Ferry Co.*, 11 Wall. 423; *Morgan v. Parham*, 16 Wall. 471; 8 B. Mon. 1, 2; *King v. McD.*, 31 Ill. 418; 14 Ill. 163. The assessment and levy was in violation of law. 81 Ill. 324.

MARTIN, C.—This was a suit before a justice of the peace to recover the value of a three-horse breaking plow, a two-horse cultivator and a double-hinged harrow alleged to have been wrongfully taken by defendant. The suit was dismissed by the justice for want of jurisdiction. On appeal to the Hannibal court of common pleas the case was tried by the court without the intervention of a jury. The defendant admitted the taking and carrying away of the property. He then proved that he was the collector of Levee township, Pike county, Illinois, and that in his capacity as such he seized the property in question in said township under and by virtue of the collector's tax-books of said township, and a warrant thereto annexed, commanding him to collect the personal tax appearing in said tax-books against plaintiff; that in pursuance with said authority the property sued for was seized and sold, and the proceeds applied to the payment of the tax.

It was objected at the trial that the tax-book given in evidence did not contain upon its face a descriptive list of the personal property upon which the tax was claimed, and that the book which constituted a part of his authority was for this reason not in conformity with the statute of Illinois, and, therefore, no justification for the levy. It was claimed by plaintiff that the collector's book should contain an enumeration or list of the different kinds of personal property possessed by the tax-payer as fully as given into the assesssor by the tax-payer, and that the statement of the aggregate amount or value was not sufficient. In this case the statement was of an aggregate sum or value, and was not a statement of kind or quality in detail. The learned judge deciding the case seems to have given

it a very deliberate investigation, which is evidenced by a written opinion copied into the record. The conclusion reached by him was that the books, by reason of the defect objected to, did not conform with the requirements of the statutes of Illinois, and that the defendant was without authority or justification in making the seizure. I am unable to agree with the learned judge in this conclusion. There was nothing in the books to show that the property so assessed and certified to the collector was illegally assessed, or that the tax or its valuation was not authorized by law. If it be true that the statute required the books to show the property of the tax-payer in detail, and the officers whose duty it was to make out and certify the books had departed from this direction, and entered the property in one aggregate sum or valuation, this, I think, would be only an irregularity which could not avoid the tax-book as a warrant of authority in the hands of the collector. It was, nevertheless, the genuine act of the officers who had full authority to make out and certify the books of warrant and seizure. It was a matter of which they had jurisdiction, and an irregularity of this character in the performance of that duty could not leave the collector without any authority of law. If his warrant of authority comes from the parties having jurisdiction to make and give it, he is protected by it, notwithstanding any irregularities or informalities appearing on the face of the assessor's or collector's books. *Brown v. Harris,* 52 Mo. 306 ; *Rubey v. Shain,* 54 Mo. 207.

I do not wish to be understood as holding that the statutes of Illinois require the statement in detail of the tax-payer's personalty to be extended in the assessor's or collector's books, as maintained by plaintiff and decided by the court below. I have examined the statute cited by counsel, and am satisfied that an extension in the total or sum aggregate, is all that is required.

It was objected by plaintiff that the warrant itself was addressed to William Gatts, collector of the township, in-

stead of to the defendant as such collector. William Gatts had been elected collector, had taken the oath of office, but having failed to complete his qualification by furnishing the required bond, the defendant was appointed in his place. The tax-books and warrant had never been delivered to Gatts. Upon the defendant's accession to the office they were delivered to him. The learned judge deciding the case below held that the words "William Gatts" might be treated as surplusage, inasmuch as the law did not require the name of the collector to be inserted in the warrant at all. I am satisfied that the warrant was not void by reason of this irregularity. The books and warrant were delivered to defendant and constituted the first and only issue and delivery of them. The defendant was collector at the time of receiving them, and he answered the address of the warrant sufficiently to be within its protection. *Wilson v. Seavey*, 38 Vt. 221.

As the evidence constituting the defendant's defense against the charge of trespass was of a documentary and legal character, and in all material matters of fact was not contradicted, I think he ought to be relieved from another trial in a foreign jurisdiction, by entry in his favor of the judgment which should have been entered at the trial. Accordingly the judgment is reversed and the cause remanded, and the court is directed to enter judgment for defendant. All concur.

SHERWOOD, J.—If the above is to be considered as indorsing the case of *Rubey v. Shain*, I am to be marked as dissenting, and refer to my individual opinion in the case of *Town of Warrensburg v. Miller*, 77 Mo. 61.