ROHLAND v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Justice of Peace, Jurisdiction of**: RAILROAD : KILLING STOCK. Actions before a justice of the peace against a railroad for killing animals must be brought in the township in which the injury occurred, or in an adjoining one.

2. ———— : ———— : ————. Where the transcript fails to show the action was so brought in one of said townships, the defect is fatal, and the justice will be held to have acquired no jurisdiction.

*Appeal from Webster Circuit Court.*—HON. BEN. V. ALTON, Judge.

REVERSED.

*John O'Day* for appellant.

(1) Neither the justice of the peace, nor the circuit court, had any jurisdiction over the subject matter of the case. The record fails to show that the animal was killed in the township where the suit was brought. It was not averred in plaintiff's petition, and the record nowhere discloses it. This if fatal to plaintiff's case. *Mason v. Railroad,* 80 Mo. 229 ; *Thompson v. Railroad,* 74 Mo. 560 ; *Burnett v. Railroad,* 68 Mo. 65; *Haggard v. Railroad,* 63 Mo. 303. (2) The court should have granted defendant's instruction

and taken the case from the jury. There was not a scintilla of evidence to support the verdict. *Brown v. Railroad*, 33 Mo. 309; *Wier v. Railroad*, 48 Mo. 558; *Calvert v. Railroad*, 38 Mo. 467. (3) Plaintiff's petition, as originally filed, wholly failed to state a cause of action, and the objection to the introduction of any evidence under it should have been sustained. *Harrison v. Railroad*, 74 Mo. 369; *Waldhier v. Railroad*, 71 Mo. 515; *Gist v. Loring*, 60 Mo. 487. (4) Interest should not have been allowed. *Wade v. Railroad*, 78 Mo. 366; *De Steiger v. Railroad*, 73 Mo. 33; *Kenney v. Railroad*, 63 Mo. 99.

*Smith & Krauthoff* for respondent.

SHERWOOD, J.—Plaintiff brought suit against defendant before a justice of the peace in Ozark township, Webster county. The petition alleged that defendant, being incorporated, on February 12, 1883, was operating a railroad through Northview, in said county, and on said date, near said station, "The defendants were running a freight train on said road, and failed and neglected to whistle, as required by law, at said station, and said train struck and killed a steer of this plaintiff of the value of thirty-five dollars." That said steer was killed by the carelessness and negligence of said defendant. There was a trial before the justice, and an appeal to the circuit court by defendant, where the case was tried at the September term, 1883. After the jury were sworn, against defendant's objections, the court permitted plaintiff to amend his petition. Defendant excepted. The only amendments were the interlineations of words, "or rung the bell," after the word whistle, and "or at the crossing," after the word "station." Neither the original or amended petition stated in what township the animal was killed.

Section 2835, Revised Statutes, so far as pertinent

here, is as follows : "Except as otherwise provided by law, justices of the peace shall have original jurisdiction of * * * all actions against any railroad company in this state to recover damages for the killing or injuring of horses, mules, cattle, or other animals, within their respective townships, without regard to the value of such animals, or the amount claimed for killing or injuring the same." And section 2839, after providing where suits cognizable before a justice of the peace shall be brought, winds up with a new clause, the fifth, which enlarges the territorial areas of a justice's jurisdiction, by providing that, "Any action against a railroad company for killing or injuring horses, etc., shall be brought before a justice of the peace of the township in which the injury happened, or any adjoining township." It is quite too clear for argument that the section just quoted fixes in express language and in immovable terms the territorial boundaries of the jurisdiction of a justice of the peace in this class of cases, and beyond those boundaries that jurisdiction cannot pass. The general words in the first clause, which confer jurisdiction on a justice of the peace in contract or tort, etc., where the sum demanded, etc., does not exceed one hundred and fifty dollars, are qualified by the particular words which follow and limit that jurisdiction as already set forth. And no rule rests on more ancient or more secure foundations than that which intends nothing to be within the jurisdiction of an inferior court except that which expressly appears to be so. *State v. Melzger*, 26 Mo. 65. If general words or clauses would support plaintiff's position, then in despite of the particular words already quoted, he might with all confidence bring his suit in any township in the county, merely because section 2838 declares that, "Every justice of the peace shall have jurisdiction co-extensive with the county for which he shall be elected or appointed."

The statute under discussion, as it was first enacted

in 1861, gave justices of the peace jurisdiction where horses, etc., were killed or injured by railroads, but expressly declared that all suits under the act should be brought before some justice of the township where the injury complained of was committed, and under that statute it has with uniformity been ruled, ever since the case of *Hansberger v. Railroad*, 43 Mo. 196, as was said in that case, that: "If the action was brought before a justice of the township where the wrong complained of occurred, that fact should have appeared on the face of the papers in order to confer jurisdiction." To the same effect, see *Iba v. Railroad*, 45 Mo. 469; *Haggard v. Railroad*, 63 Mo. 302; *Barnett v. Railroad*, 68 Mo. 56; *Thomason v. Railroad*, 74 Mo. 560; *Matson v. Railroad*, 80 Mo. 228. Under the ruling in these cases, inasmuch as the transcript does not show that the suit was brought either in the township "in which the injury happened, or in any adjoining township," the defect must be held a fatal one, and that the justice acquired no jurisdiction. Nor is the conclusion just stated in any manner affected by the provisions of section 2124. That section, which was formerly section 5, General Statutes, 601, indeed gives an action against a railroad company for animals killed or injured, and allows the owner of the animal to recover the value thereof without any proof of negligence, etc., but that section confers no jurisdiction on justices of the peace; that jurisdiction is *entirely local* (*Iba v. Railroad, supra*), solely derived from the provisions of sections 2835 and 2839, *supra*. The *right to sue* is one thing, the *forum* where the suit *is to be brought*, a totally different thing. Nor is that conclusion affected by the provisions of section 806 in regard to ringing the bell or blowing the whistle, and providing for damages consequent upon such neglect. For it must be constantly borne in mind that a justice of the peace has no jurisdiction but what the statute in express terms confers, and none has been con-

ferred for injuries to cattle, etc., except as already stated.

This results in reversing the judgment and remanding the cause. All concur.