LUKE M. EMMERSON, Respondent, v. ST. LOUIS AND HANNIBAL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Railroads: KILLING STOCK: JURISDICTION OF THE JUSTICE.** Where the statement shows that the failure to fence and the consequent killing of the stock occurred in a given township and the transcript shows that the suit was begun and prosecuted to judgment before a justice of the peace of said township, the statutory requirements as to the jurisdiction of the justice are met.

2. ———: ———: ———: EVIDENCE NOT REQUIRED IN TRANSCRIPT. The statute does not require a justice of the peace in sending up a transcript to the circuit court on appeal to state therein the evidence taken before him, and the justice's failure to state in his transcript that there was evidence before him that the animals were killed in the township where he resided, is no ground to sustain an objection to the introduction of any testimony in the circuit court.

3. ———: ———: LAPPING OF RAILROAD RIGHT OF WAY ON PUBLIC HIGHWAY: FENCING. Where defendant's railroad runs parallel with the public road from which the evidence tends to show the plaintiff's animals strayed upon its railroad track, it is not excused from fencing the same even though its said right of way occupied part of the public road. It is not the right of way which the law requires to be fenced but the "road."

4. ——— : ——— : DEMURRER TO THE CASE. Where the evidence tends to show that plaintiff's animals went upon defendant's road at a point, where it was the duty of defendant to fence, it is proper to overrule a demurrer to the whole evidence and submit the case to the jury.

5. ——— : ——— : INTERVENING INCLOSURES. The fact that plaintiff's animals escaped from a pasture, in which they were confined, situated about a mile and a half from the point where they went upon defendant's road, cannot avail as a defense unless it is further shown that they passed through intervening lawful fences to reach defendant's road.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*T. G. Case, J. H. Orr,* for appellant.

(1) The court erred in overruling defendant's objection to the introduction of any evidence under the transcript and statement of the justice. *Backenstoe v. Railroad,* 23 Mo. App. 158 ; *Backenstoe v. Railroad,* 86 Mo. 492 ; *Rohland v. Railroad,* 89 Mo. 180 ; *Mitchell v. Railroad,* 82 Mo. 106 ; *Ward v. Railroad,* 91 Mo. 169. (2) The railway company was not required to fence its track at the point where the animals entered upon the track. The statutory rule is, that railway companies are not required to fence their roads at public crossings, and this embraces highways *de facto* as well as *de jure. Luckie v. Railroad,* 76 Mo. 639 ; *Brown v. Railroad,* 20 Mo. App. 427 ; *Ehret v. Railroad,* 20 Mo. App. 258. (3) Under section 809 of the Revised Statutes of Missouri a railway company is not liable in double damages for cattle killed at the crossing of a private road. *Walton v. Railroad,* 67 Mo. 56 ; *Sullivan v. Railroad,* 72 Mo. 196. (4) The court erred in overruling the defendant's demurrer to the entire evidence, as the whole testimony unequivocally shows that the

animals entered upon the track of the railway company at the crossing of the county road B, at a point where it was not the duty of the railway company to fence its railway. Where the stock come upon the track at one point, and wander to another, where they are killed, the necessity and sufficiency of the fence at the place of entry, and not at the place of killing, determined the liability. *Ehret v. Railroad*, 20 Mo. App. 258; *Cecil v. Railroad*, 47 Mo. 246; *Razor v. Railroad*, 73 Mo. 471; *Snider v. Railroad*, 73 Mo. 463; *Nance v. Railroad*, 79 Mo. 197; *Moore v. Railroad*, 81 Mo. 502; *Ward v. Railroad*, 91 Mo. 170; *Railroad v. Bennett*, 19 Wis. 160; *Bremmer v. Railroad*, 61 Wis. 114. (5) We think that it is too clear for discussion that the judgment of the court ought not to be allowed to stand, for the very obvious reason that neither the father of the plaintiff nor the plaintiff were adjoining proprietors of land along side of the track of the defendant company. It is apparent that the plaintiff had no legal right to use the adjoining fields, any more than he had the legal right to turn his animals into the right of way of the defendant. If the defendant owed no statutory duty to the plaintiff, confessedly the plaintiff cannot recover under section 809 from the defendant, and the demurrers to the evidence should have been sustained. *Berry v. Railroad*, 65 Mo. 172; *Harrington v. Railroad*, 71 Mo. 384; *Peddicord v. Railroad*, 85 Mo. 160; *Johnson v. Railroad*, 80 Mo. 620; *Busby v. Railroad*, 81 Mo. 49; *Stanley v. Railroad*, 84 Mo. 631; *Carpenter v. Railroad*, 25 Mo. 110; *Smith v. Railroad*, 25 Mo. App. 115; *Ferris v. Railroad*, 30 Mo. App. 122; *Bartelott v. Bank*, 119 Ill. 259.

*G. B. Macfarlane* and *Geo. Robertson*, for respondent.

(1) (a) It was sufficient that the statement filed with the justice showed that the animals were killed in Cuivre township. That statement *prima facie* gave the

justice jurisdiction. The jurisdictional fact must appear on the record, *i. e.*, the statement or transcript. *Mitchell v. Railroad*, 82 Mo. 108 ; *Cummings v. Railroad*, 70 Mo. 570 ; *Hansberger v. Railroad*, 43 Mo. 196 ; *Haggard v. Railroad*, 63 Mo. 302 ; *Ellis v. Railroad*, 83 Mo. 372 ; *Kennedy v. Prueitt*, 24 Mo. App. 414. (*b*) The evidence, on the trial, showed that the mules were killed in Cuivre township. *Palmer v. Railroad*, 21 Mo. App. 437 ; *Backensloe v. Railroad*, 86 Mo. 493 ; *Kinion v. Railroad*, 30 Mo. App. 573. (*c*) Justices of the peace are only required to enter in their dockets "a brief statement of the nature of the demand" and when an appeal is taken he shall file in the appellate court a transcript of his docket entries and all process and papers filed with him. No docket entry showing jurisdiction is necessary, if the statement or other papers show it. R. S., secs. 2844, 2845 and 3050 ; *Iba v. Railroad*, 45 Mo. 470 ; *Haggard v. Railroad*, 63 Mo. 303 ; *Barnett v. Railroad*, 68 Mo. 56 ; *Hansberger v. Railroad*, 43 Mo. 196. (*d*) The statement contains all facts necessary to make a cause of action under section 809. *Thomas v. Railroad*, 82 Mo. 539 ; *Rozzelle v. Railroad*, 79 Mo. 350 ; *Morris v. Railroad*, 79 Mo. 368 ; *Edwards v. Railroad*, 74 Mo. 117 ; *Maysfield v. Railroad*, 91 Mo. 298 ; *Tickle v. Railroad*, 90 Mo. 298. (2) (*a*) Defendant was required by law to fence its track where the same ran parallel to the county road, though the track may have occupied some portion thereof. R. S., sec. 809 ; *Rutledge v. Railroad*, 78 Mo. 286 ; *Robinson v. Railroad*, 57 Mo. 494 ; *Morris v. Railroad*, 79 Mo. 370 ; *Rozzelle v. Railroad*, 79 Mo. 349. (*b*) The railroad could not take or hold more of the public highway than was necessary for the proper construction and use of its railroad. R. S., sec. 765, subdiv. 4 ; *Lackland v. Railroad*, 31 Mo. 180 ; *Ferrenback v. Turner*, 86 Mo. 418 ; *Waterworks Co. v. City of Kansas*, 20 Mo. App. 238 ; *State ex rel. v. Railroad*, 86 Mo. 12, (*c*) The law does

not require fences to be fifty feet from the track or that the whole of its right of way should be fenced ; it simply requires fences to be built on the sides of its road in order to protect animals from getting on its track. R. S. 1879, sec. 809. (*d*) Defendant was required by law to fence across the private road or passway on railroad. *Jenkins v. Railroad*, 27 Mo. App. 379. (3) The duty of defendant to fence its road along the public highway existed in favor of every person where animals came from the highway upon the track by reason of the failure to fence. *Peddicord v. Railroad*, 85 Mo. 160, and' *Smith v. Railroad*, 25 Mo. App. 113 and authorities cited in each; *Morris v. Railroad*, 79 Mo. 370 ; *Rozzelle v. Railroad*, 79 Mo. 350.

SMITH, P. J.—This was an action brought before a justice of the peace of Cuivre township in Pike county, upon the statute, to recover damages for the killing of nine mules and one mare.

The case was tried before the justice and from his judgment an appeal was taken to the circuit court, from whence a change of venue was awarded to the circuit court of Audrain county where there was a trial *de novo*, and judgment for plaintiff from which defendant prosecuted its appeal here.

I. At the inception of the trial of the case in the circuit court the defendant objected to the introduction of any evidence under the statement and transcript, for the reasons (1) that it did not appear therefrom that the justice had jurisdiction, and (2) that the justice's transcript did not show that there was any evidence taken before him that plaintiff's animals were killed in the township where he resided.

It is quite difficult to perceive why the first ground of defendant's objection was made ; for, when reference is had to the statement filed by the plaintiff before the justice, it will be seen that it is therein distinctly alleged

that defendant failed to erect and maintain lawful fences on the sides of its road where the same passes through, along and adjoining, cultivated fields or unenclosed lands with openings and gates therein at a point in the township of Cuivre and county of Pike, and that by reason thereof the animals of the plaintiff "strayed upon said railroad at the point aforesaid and where the same was not fenced as aforesaid, and were run over and killed by defendant's locomotive and cars." And besides this the transcript of the justice further shows that the suit was begun and prosecuted to judgment before a justice of the peace of Cuivre township. Hence it appears upon the face of the justice's transcript that the plaintiff's animals were killed, and the suit therefor was brought before a justice of the peace in Cuivre township and thus meeting the statutory requirements. R. S., secs. 2835, 2839. The transcript of the justice therefore, *prima facie*, gave the justice jurisdiction. *Mitchell v. Railroad.* 82 Mo. 106; *Rohland v. Railroad*, 89 Mo. 180; *Haggard v. Railroad*, 63 Mo. 302; *Hansberger v. Railroad*, 43 Mo. 198; *Iba v. Railroad*, 45 Mo. 470; *Cummings v. Railroad*, 70 Mo. 571; *Ellis v. Railroad*, 83 Mo. 372; *Matson v. Railroad*, 80 Mo. 227.

These jurisdictional facts must not only affirmatively appear upon the face of the justice's transcript, but they must be proved like any other jurisdictional fact. The cases mostly relied on by defendant's counsel, in support of this ground of its objection, are those where the judgment of the lower court was reversed because there was no evidence tending to establish these jurisdictional facts. *Backenstoe v. Railroad*, 86 Mo. 492; 23 Mo. App. 148, is a fair representative of them. These citations do not support this ground of defendant's objections.

As to the second ground of objection to the introduction of any evidence by plaintiff, it is sufficient to

remark that the statute does not require a justice of the peace in sending up a transcript to the circuit court on appeal, to state therein the evidence taken before him. R. S., secs. 3050, 2844, 2845. These grounds of complaint cannot be sustained.

II. The second point urged upon our consideration by defendant in its brief is that the law does not impose upon it the duty to fence its track at the point where the plaintiff's animals entered upon the same.

This of course depends upon where the point of entry was. This question it seems to us was properly submitted to the triers of the fact by the instruction which was given for plaintiff by the trial court, and which told the jury that if they believed that defendant by its agents, engines or cars, killed plaintiff's animals on its railroad track in Cuivre township, Pike county, Missouri, at a point on said railroad where the same runs through or along unenclosed or cultivated fields or unenclosed lands, and not at a private or public crossing, or where said railroad passes through any town or city, and at such point defendant had failed and neglected to erect and maintain lawful fences on the sides of its said railroad, then their verdict should be for plaintiff, and the instruction given for the defendant which directed the jury that, if they believed from the evidence that plaintiff's animals entered upon the defendant's railroad track either at a private or public road crossing, their verdict should be for the defendant.

Because defendant's railroad runs parallel with the public road from which the evidence tends to show the plaintiff's animals strayed upon its railroad track, it was not excused from fencing the same even though its said right of way occupied part of the public road. It is not the right of way which the law requires to be fenced but its "road."

Undoubtedly the object and purpose, which the lawmaker had in view in the enactment of the fencing

statute, was to compel railway companies to erect and maintain fences on the sides of their tracks or roadways and not necessarily their whole right of way. The purpose of the statute was to secure alike to the owners of cattle, the railroads and general public, immunity from the disastrous and injurious consequences likely to frequently result from such cattle straying upon railroads and thereby coming in collison with moving trains.

Even if the defendant's railroad track did encroach upon the public highway at the point where plaintiff contends his animals entered upon said railroad it was none the less the duty of defendant to erect and maintain at that point a fence between its road and public highway. The fact that the injury complained of happened at a point, where defendant's road paralleled the public way and was in dangerous proximity to it, forcibly illustrates not only the necessity for a fence at that point but the wisdom of the legislature in imposing by statute the duty upon the railroads of this state to erect and maintain fences everywhere on both sides of their roads, except where specially excused by the terms of the statute itself. *Bobinson v. Railroad*, 57 Mo. 494; *Rutledge v. Railroad*, 78 Mo. 286 ; *Morris v. Railroad*, 79 Mo. 367 ; *Rozzelle v. Railroal*, 79 Mo. 349.

III.    There is no evidence to support the hypothesis that the plaintiff's animals were killed at a private crossing. No such question arises in the record before us.

IV.    The defendant's further contention is that its demurrer to the whole evidence ought to have been sustained.

We have with considerable care examined the abstract of the evidence and conclude that the circuit court was fully justified in letting the case go to the jury. The evidence does not tend to show that plaintiff's animals went upon the defendant's road at a

Emmerson v. St. Louis & Hannibal Ry. Co.

point where it was not the duty of the defendant to fence its road as defendant seems to suppose. The contrary, however, seems to be true, and that determines the liability of defendant.

V. The defendant contends that it owed plaintiff no duty to fence its road at the point where his animals entered upon its track, for the reason that they escaped from their pasture and passed over and through the enclosures and fences of others, until they reached a public road from which they passed upon its track. It is true the evidence does show that the plaintiff's animals escaped from a pasture, in which they were confined, situate about a mile and a half from the point where they went upon defendant's road, but it is not shown that they passed through intervening fences and fields until they reached defendant's railroad.

It shows they came up a public road from the south to the point where it intersects another public road running parallel with defendant's road, and between which and it there is no division fence for a distance of about four hundred feet and from this parallel road they went upon defendant's track and were killed by its engines and cars.

The array of authority referred to by the very able and industrious counsel for the defendant does not in our judgment apply to a case like this.

These cases from *Berry v. Railroad*, 65 Mo. 172 to *Peddicord v. Railroad*, 85 Mo. 160, decide that the duty of fencing the sides of their roads through enclosed and cultivated fields is imposed upon railroad companies for the benefit of the owner of such inclosures, or as aptly illustrated by Mr. Commissioner Ewing in the case last cited, "if a railway company owns a road running through the enclosed and cultivated fields of A. and does not have its road fenced as the law requires, it would not be liable for damages done to the cow of B. provided the fence around A.'s field was a lawful fence.

That notwithstanding B.'s cow got upon the company's track from A.'s field where there was no fence between it and the railroad track, yet B. could not recover unless he should show by evidence that the outside fence around A.'s field was not a lawful fence at the place where his cow entered A.'s field.

This illustration and application of the principle announced in the cases referred to by defendant abundantly demonstrates that the same are not in point here.

There is not even a suspicion raised by the evidence that the plaintiff's animals escaped upon defendant's railroad track from any inclosed or cultivated fields through which it ran. The plaintiff's animals were just prior to the time of their injury running at large and entered upon defendant's railroad from a public and parallel road at a point where defendant had neglected to erect a fence on the side of the same. Under the interpretation repeatedly placed upon the "double damage act" by the supreme court of this state we cannot see how the defendant can escape liability in this case. *Morris v. Railroad*, 79 Mo. 367; *Rozzelle v. Railroad*, 79 Mo. 349.

The defendant asked the court to give twenty-three instructions, all of which, except three, were refused but as the defendant, neither in the brief nor in the oral argument of its counsel, has made any point in respect to these, it is unnecessary to consider them further than has been done incidentally in the discussion of the points which have been pressed upon our attention by defendant.

We think, after inspection of the entire record, that the case was fairly submitted by the circuit court to the jury with whose verdict there can be found no fault. Judgment affirmed. All concur.