B. J. KINION, Respondent, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 4, 1890.

1. Railroad Companies: KILLING STOCK. A railroad company is liable for the killing of stock at a point where it was required by law to fence, though there be no evidence where the animal came upon the railroad track, nor that the plaintiff was an adjoining or next-adjoining land-owner.

Kinion v. The Kansas City, Ft. S. & M. Ry. Co.

2. **Practice, Trial:** AMENDMENT OF PARTIES. When one railroad company is consolidated with another, the consolidated corporation may be made a party to a suit against such railway company in its place by mere amendment of the pleadings, and without the use of process for such consolidated corporation.

3. ————: WAIVER OF OBJECTIONS. An objection to the admission of illegal evidence must be preserved by the motion for a new trial; otherwise it is waived.

4. **Evidence:** SECONDARY EVIDENCE. Secondary evidence of a writing is sufficient proof of the writing when no objection is made to its admissibility, or when such objection is waived by the failure to preserve it in the motion for a new trial.

5. **Sufficiency of Proof.** The evidence in the cause examined, and *held* to constitute *prima facie* proof of the consolidation of two railroad companies into the defendant railroad corporation.

6. **Practice, Appellate.** Although this court cannot use the record in one case to supply a deficiency in the evidence in another similar action between the same parties, still, where both causes depend upon the same evidence, this court may consider the records in both for the purpose of determining whether an alleged error in one substantially affects the merits of the controversy.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Wallace Pratt* and *Olden & Green,* for the appellant.

*Livingston & Winningham,* for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action for double damages under section 809, Revised Statutes, 1879, for killing the plaintiff's cow. The action was originally commenced before a justice of the peace against the Kansas City, *Springfield* and Memphis Railroad Company, but, in the circuit court, an amended petition was filed so as to make it an action against the Kansas City, *Fort Scott* and Memphis Railroad Company. The plaintiff had a

verdict and judgment for fifty dollars, and defendant appeals.

I. The first assignment of error is that there was no *proof* that the plaintiff was an adjoining or next-adjoining land-owner to the defendant's right of way or railroad track, where it is alleged that the animal strayed upon the track and was killed. The amended petition states that the cow got on the defendant's track at a point where the same runs through *unenclosed* lands, and the evidence shows that the cow was killed at a point on the defendant's track where its road runs through unenclosed lands. The rule which the defendant invokes on this point, laid down in *Ferris v. Railroad*, 30 Mo. App. 122, and many cases there cited, has no application to the case, where the animal gets on the track at a point where it runs through *unenclosed* lands and is not fenced, as required by law. The obligation to fence through unenclosed lands is an obligation imposed on the railway company for the benefit of the general public, and not for the owners of such lands. *Rozzelle v. Railroad*, 79 Mo. 349; *Morris v. Railroad*, 79 Mo. 367; *Emerson v. Railroad*, 35 Mo. App. 621, 630.

II. The next assignment of error is that this action was brought before a justice of the peace against the Kansas City, *Springfield* and Memphis Railroad Company; that judgment was rendered against that company in the justice's court; that that company took an appeal to the circuit court, where it was attempted to show that the Kansas City, Springfield and Memphis Railroad Company had been consolidated with the Kansas City, *Fort Scott* and Memphis Railroad Company; that the plaintiff was permitted to amend his petition by striking out the name of the Kansas City, Springfield and Memphis Railroad Company as the defendant, and substituting therefor the name of the Kansas City, Fort Scott and Memphis Railroad Company, and that the judgment was rendered against the

last-named company. It is argued that this judgment could not have been rendered without giving the new company notice; in other words, the argument is that a judgment was rendered against a new party defendant without bringing it into court as required by law. If this is the proper interpretation of the court's action, the objection is, of course, well taken. If it is not a proper interpretation, then the objection is a bare technicality and not even good as such.

Whether this is the proper interpretation of the court's action, depends on the question whether there was *prima facie* evidence that the Kansas City, *Springfield* and Memphis Railroad Company had become consolidated with some other company so as to form the company known as the Kansas City, *Fort Scott* and Memphis Railroad Company. All the evidence which the record discloses as to the name and character of the defendant was as follows : The evidence showed, without dispute, that the cow was killed on the sixth of September, 1886, on the right of way of the Kansas City, *Springfield* and Memphis railroad, in Hutton Valley township, in Howell county, by being struck by a passing train. The plaintiff testified : "This railway is now known as the Kansas City, *Fort Scott* and Memphis Railroad Company." B. F. Olden, being called as a witness for the plaintiff, testified : "I was attorney for the Kansas City, Springfield and Memphis Railroad Company, and am now attorney for the Kansas City, Fort Scott and Memphis Railroad Company. I am informed, unofficially, that the two companies were consolidated on the twenty-sixth day of April, 1888; that the Kansas City, Springfield and Memphis Railroad Company owned and operated the cars on the defendant's road in this county at the time the cow is said to have been killed." This evidence was objected to by the defendant on the ground that it was secondary and incompetent, but was admitted over

the objection. Although an exception was saved, at the time, to this ruling, it was not renewed in the motion for new trial. It is, therefore, *waived*, and we cannot consider on this appeal whether the evidence was properly or improperly admitted. *Bevin v. Powell*, 11 Mo. App. 216, and cases cited.

All the other objections which were raised by the motion for new trial may be condensed into one, whether, under the statement, there was any substantial evidence to support a verdict against the defendant. As the sufficiency of the evidence is challenged only on the single point of the consolidation of the Kansas City, Springfield and Memphis Railroad Company with the Kansas City, Fort Scott and Memphis Railroad Company, we shall confine our attention to the question whether the evidence had any probative force as tending to show that fact.

The evidence on that point in the present record is the same as in the case between the same parties, number 4430 of this court, recently decided, with the following exceptions:

In that case, the only witness to the fact of the consolidation was B. F. Olden, who was attorney of the Kansas City, Springfield and Memphis Railroad Company before the consolidation, and who was attorney of the Kansas City, Fort Scott and Springfield Railroad Company after the consolidation. As such attorney, he appeared for the latter company in both cases, and contested the plaintiff's action. He was presumptively in a position to know the fact of the consolidation, if it had taken place. In the former case, he testified to it in positive terms as follows: "The Kansas City, Fort Scott and Memphis Railroad Company was formed by the consolidation of the Kansas City, Springfield and Memphis Railroad Company and the Kansas City, Fort Scott and Springfield Railroad Company, on the twenty-sixth day of April,

1888. The Kansas City, Springfield and Memphis Railroad Company owned, and was running and operating the cars of the defendant road at the time the cow is said to have been killed." Recurring to Mr. Olden's testimony in the present case, as above quoted, it will be perceived that it is the same as in that case, except that in the present case, instead of stating the fact and date of the consolidation in positive terms, he qualifies the statement by saying that he is "informed unofficially" of the fact and date. We do not attach controlling importance to the qualified manner in which Mr. Olden stated the fact and date of the consolidation in his testimony, as given in the bill of exceptions in this case. He was presumptively in a position to know the fact, having been attorney for the previous company, and being an attorney for the present company. There is this further difference between the testimony in that case and in the present case,—that in that case the only testimony upon the point was the testimony of Mr. Olden above quoted; whereas, in the present case, his testimony to the fact is supplemented by the general statement of the plaintiff, testifying as a witness, that "this railroad is now known as the Kansas City, Fort Scott and Memphis railroad," meaning the railroad on which his cow was killed.

We do not mean to say that we can supplement the record in one case by the record in another, and by so doing furnish substantial evidence of a fact of which the record under consideration furnishes none. But we do mean to say that where two cases are pending between the same parties, to be determined by the same evidence, we are justified in looking into both records for the purpose of determining whether the error, if any, which has intervened in the trial of one could have been such as substantially affects the merits of the controversy, as we are warranted, under the statute, to reverse judgments for such error only. Here the testimony of Olden, under all the circumstances, cannot

be considered as mere hearsay or evidence of reputation. His testimony as to information admits of the construction that it may have been derived from inspection of the articles of consolidation, or from an admission of the fact on the part of officers of the corporation competent to make such admission, and this, taken in connection with the fact that in another controversy between the same parties the now contested fact stood conceded, leads to the inevitable conclusion that a retrial of this cause could lead to no other result.

Secondary evidence, not objected to, or objected to and the exception afterwards waived, is a species of evidence on which courts constantly act in the administration of justice. It is not destitute of probative force; if it were, the rule in regard to primary and secondary evidence would not exist, because secondary evidence would not be evidence at all. A majority of the court are of the opinion that the most that can be said of Mr. Olden's testimony is that it is secondary evidence, and that the court might have been put in the wrong in admitting it, if the objection had been renewed in the motion for new trial. I am not prepared to say that I concur even in this view. But all the members are of opinion that, the exception to the admission of this evidence having been waived by not being renewed in the motion for new trial, it stands, for the purposes of the question before us, on the same footing as though it had been admitted without objection; and we are all of opinion that, taken in connection with the testimony of the plaintiff, it shows *prima facie* that the Kansas City, Springfield and Memphis Railroad Company became united by a consolidation, on the twenty-sixth of April, 1888, with the Kansas City, Fort Scott and Memphis Railroad Company, taking the name of the latter company; and that the defendant was, by this evidence, put to the proof of the contrary.

Where there has been a consolidation of railway companies, the new company, by the terms of the statute

(Revised Statutes, 1889, section 2567), succeeds to the liabilities of both the preceding companies. Such is the general law where corporations are merged, and there is no distinct statutory provision governing the question. *Thompson v. Abbott*, 61 Mo. 176. See the learned note of Mr. Freeman, 79 Am. Dec. 425, *et seq.* An examination of the decisions will, we think, show that, in a judicial sense, and so far as regards any right of action that existed against either of the corporations prior to their being so united, the effect of a consolidation is not more than a change of name. We do not understand that an action commenced against one of the previous corporations abates by the consolidation, though the effect may be to dissolve the old corporations as such. On the other hand, we understand that, upon proof of the fact of consolidation being made, the action may be revived against the new corporation by an amendment, as was done in this case. We know of no sound reason why the new corporation should be regarded as a different person in a judicial sense, so as to require it to be brought into court by a fresh service of process. So to hold would be equivalent to regarding it as a distinct person, for all purposes, from either of the corporations by the amalgamation of which it was created. The new corporation, for instance, succeeds to the proprietary rights of the old corporation, without any new conveyances. *Thompson v. Abbott*, 61 Mo. 176; *Lightner v. Railroad*, 1 Lowell [U. S.] 338; *County of Scotland v. Thomas*, 94 U. S. 682; *State ex rel. v. Greene County*, 54 Mo. 540. We apprehend that, for juridical purposes, in the case of such a consolidation, the new company may be regarded as identical with either of the old companies, though under a different name, and that, where an action is commenced against one of the old companies, the most that is required for the purpose of practical justice, in order to continue it against the new company, is to prove the fact of consolidation and amend the petition by substituting the

new company as defendant, as was done in this case. The new company is the old company. It is each of the old companies. It is simply the onward flow of a stream which is formed by the uniting of two precedent streams. *Kinion v. Kansas City, etc., Ry. Co., ante,* p. 381.

III.   The next assignment of error is that there is no proof that the justice of the peace, before whom the action was commenced, was a justice of Hutton Valley township, or of Howell county. This assignment of error must have been inadvertently made with reference to one of the other cases of a similar nature pending in the court. It appears that this action was brought before H. M. Bridges, justice of the peace. The recital of the clerk of the court, as to the filing of the transcript and papers describes, him as "H. M. Bridges, one of the justices of the peace of Dry Creek township, in and for said county," that is, in and for Howell county. The justice's certificate to the transcript and papers sent up describes him as "H. M. Bridges, a justice of the peace in and for the township of Dry Creek and county and state aforesaid," that is, Howell county, Missouri. The cow was killed in Hutton Valley township, and it was proved by the county clerk of Howell county, exhibiting his records and plats, that the townships of Hutton Valley and Dry Creek adjoin. The action was, therefore, brought before a justice of the peace of the next adjoining township, and all of the jurisdictional facts are either exhibited or proved,

IV.   It is finally assigned for error that there was no proof that the plaintiff's cow got upon the defendant's track at a point where the company was required by law to make and maintain fences. This assignment is equally untenable; the evidence for the plaintiff was uncontradicted, the defendant having introduced no evidence. It showed that the cow was killed on the

defendant's railway track at a point where there was no public crossing, and where the defendant's road ran through unenclosed lands and was not fenced. This was *prima facie* evidence that the cow strayed upon the defendant's track at a place where it was by law required to fence its track, but where it had not done so. *Jantzen v. Railroad,* 83 Mo. 171; *McGuire v. Railroad,* 23 Mo. App. 327.

The judgment will be affirmed. It is so ordered. All the judges concur.