J. H. DAVIS, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. **Railroads:** OPEN GATE: STATUTE: COMMON LAW. A complaint against a railway company alleged that the defendant negligently and wrongfully permitted to be and remain open a certain gate in a railroad fence whereby a certain cow of plaintiff's entered upon defendant's railroad and was killed. The proof showed the gate, some sixty yards from the right of way, had been put in for its own use by a coal company, whose land abutted upon the right of way, and there was no fence between the coal land and the right of way. *Held*, plaintiff can predicate no right to recovery against defendant upon its failure to keep the gate of the coal company closed, since the statute imposed no such duty and the common law does not require a railway company to fence its right of way. The theory of an instruction set out in the opinion *held* not warranted by the statute.

2. ——— : KILLING STOCK : NEGLIGENCE. Where the evidence fails to show that the engineer in charge of the train ever saw the cow sued for, before he struck her, or that after seeing her, if such was the fact, the train could have been stopped with safety before striking her, but, on the contrary, shows the collision was almost simultaneous with her getting on the track in an attempt to cross before the engine, there can be no recovery.

*Appeal from the Randolph Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Geo. S. Grover*, for appellant.

(1) Upon the testimony in this case the court should have directed a verdict in favor of the defendant. *First.* Because of the open gate. *West v. Railroad*, 26 Mo. App. 344; *Morrison v. Railroad*, 27 Mo. App. 418; *Ridenour v. Railroad*, 81 Mo. 227. *Second.* Because no negligence was shown in the management of the train. *Young v. Railroad*, 79 Mo. 336; *Ravenscraft v. Railroad*, 27 Mo. App. 617. (2) The court gave improper and refused proper instructions. Authorities cited, *supra*.

No brief for respondent.

SMITH, P. J.—This was a suit brought before a justice of the peace to recover $40 damages for the killing of a cow. The complaint alleged that defendant by the negligence of its employes did wrongfully permit to be opened and remain open a certain gate in its railroad fence by reason of which a certain cow of plaintiff entered and passed from the public highway and commons upon defendant's railroad track, and was killed. There was also the further allegation in the complaint, that the cow "being so on said track" defendant by its agents and servants did negligently and wrongfully run an engine and cars over and killed said cow.

At the trial in the circuit court evidence was adduced which tended to show that, at the place

mentioned in the complaint, the defendant's right of way was fenced except at a point on the east side thereof, where a coal company had a shaft on a small piece of ground which abutted against the right of way. The railroad fence, instead of running between the right of way and the coal land, passes around and inclosed it with the right of way. At this point the fence south of the coal land is about sixty yards—the witnesses are not in accord in their testimony as to this exact distance—from the right of way. The gate is on the south side of the coal land, and was placed there by the coal company for its use. This gate was frequently left open. The section boss of the defendant frequently shut it. It was, he states, shut on the evening preceding the day of which plaintiff's cow was killed. On the morning of the day, which was Sunday, that the cow was killed, the gate was found open. The plaintiff's cow was that morning turned out of a pasture upon uninclosed lands along which the defendant's road runs, and was killed early in the afternoon. No one saw her pass through the gate. The facts and circumstances detailed in the evidence justified the inference that she did pass through this gate and from thence onto the coal land from where she strayed upon the defendant's right of way and track. After she entered the right of way she turned west, and finally got upon the track in a cut where she was run over and killed by a passing freight train.

The evidence shows that she had just "got on the track when she was struck." "She was going over the track to the west side, and before she got entirely across the train struck her."

The court instructed the jury upon both theories of the complaint. The judgment was for plaintiff, and defendant appeals.

I. The defendant's right of way was unfenced at the point where the plaintiff's cow entered upon its right of way. It is the duty of a railroad corporation to fence

its right of way everywhere except where it runs through cities, towns, villages and at public crossings and depot grounds. *Morris v. Railroad*, 79 Mo. 368 ; *Rutledge v. Railroad*, 78 Mo. 286 ; *Rozelle v. Railroad*, 79 Mo. 349 ; *Emmerson v. Railroad*, 35 Mo. App. 621. There is no fact shown here which brings it within any of the exceptions which have been mentioned. The fact that there was a coal pit on the piece of land which adjoined the right of way, and which was inclosed by the same fence, afforded no excuse to the defendant for the non-performance of the statutory duty. The statute imposed no duty upon the defendant to erect or maintain the fence or gate therein, which inclosed the coal land. It was neither on the right of way nor between it and the abutting land. The gate was not at a farm crossing, and was not required by statute. R. S., sec. 2611. The defendant was not bound to keep the gate of the coal company, so situate, closed, nor was it liable to plaintiff because his cow passed through it and was killed. The plaintiff can predicate no right of recovery against defendant upon its failure to keep the gate of the coal company closed. The statute imposed no such duty, and hence there could be no neglect of a duty not imposed.

The instructions of the court which directed the jury that, if they found that, although the gate through which plaintiff's cow went upon defendant's road was not on the right of way, and was put there for the use of the coal company, yet if they further believed the gate composed part of the fence that inclosed defendant's railroad, and, when open, left defendant's railroad exposed so stock could go thereon, then such gate was part of defendant's fence and it was its duty to keep it closed. The common law imposes no duty upon a railroad to fence its right of way. The statute enjoins this duty and defines when, where and how it shall be performed. It was no more the duty of the company to erect or maintain a fence, or gate therein, sixty

yards from its right of way than it would be six hundred yards therefrom.   If the fence in question had inclosed one hundred and sixty acres of land instead of the small piece of coal land, which it did, and the gate had been half a mile away from the right of way instead of the distance it was, the principle asserted by the instruction would have been equally applicable to it. It would have been the duty of the defendant, in the case supposed, to keep such gate closed.   This manifestly is not within the requirement of defendant's statutory duty in respect to gates in the fences along its right of way.   The theory of the plaintiff's instruction is not warranted by the statute.

II.   And, as to the instruction which told the jury that, if they believe the defendant, while operating and running its engine and cars, did negligently and wantonly run the same over the plaintiff's cow, and mortally cripple her, their verdict should be for plaintiff; whether defendant knew, or could have known, the gate was open or not, it is to be observed that it was not proved that the engineer of the train in question ever saw the cow before he struck her, or that, after seeing her, if such was the fact, the train could have been stopped with safety to it before striking the cow.   Not only that, the proof was, the collision was instantaneous; or that, when the cow attempted to cross the track, she was instantly thereafter struck and killed. The inculpatory fact is wanting, and there could be no recovery on that theory of the case.   There was no evidence upon which to base this instruction.   *George v. Railroad*, 79 Mo. 336 ; *Ravenscraft v. Railroad*, 27 Mo. App. 617. The plaintiff's cause of action, if any he has, arises in the breach by the defendant of its statutory duty to fence its right of way at the place where the plaintiff's cow entered thereon.

It follows the judgment must be reversed, and the cause remanded.   All concur.