S. R. HALE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 23, 1901.

Railroad: INJURY TO STOCK: PROOF OF TOWNSHIP, NECESSARY. The petition alleges that the stock was killed in Union township, and while the proof shows that it was killed in the town of Dixon, it does not show that the town of Dixon was located in Union township, Pulaski county, as alleged in the petition, and the failure to make such proof, is fatal in actions like the present.

Appeal from Pulaski Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

This case was begun before a justice of the peace where the following statement was filed:

State of Missouri
County of Pulaski. } ss.

"Before Fred Lieshman, justice of the peace of Union township, Pulaski county, Missouri.

"S. R. Hale, Plaintiff,

v.

St. Louis & San Francisco Railroad Company, Defendant.

"Plaintiff states that on the — day of January, 1899, the

defendant was and now is a corporation running and operating a railroad in and through the town of Dixon, in Union township, Pulaski county, Missouri; that on the said day this plaintiff was the owner of a red and white spotted cow of the value of thirty-five dollars; that on said day the said animal of the plaintiff was negligently and carelessly injured and killed, in the town of Dixon, by the engine and cars of the said defendant, while the same were being run and operated by the defendant of said road; that by reason of said negligence and failure of the defendant, this plaintiff has been damaged to the amount of thirty-five dollars, for which he prays judgment.

"THOS. V. WILSON,

"Attorney for Plaintiff."

Upon the trial before the justice, plaintiff had judgment, from which an appeal was taken to the circuit court of Pulaski county by defendant, where a transcript of the proceedings before the justice was filed by him, which among other things, showed the service of a summons upon defendant in Union township in said county and state by the constable of said township, and which recited in its caption that the justice before whom the case was tried was a justice of Union township in said county and state. On the trial in the circuit court, the evidence further showed that the plaintiff had lived for a number of years in the town of Dixon, being marshal thereof a part of the time; that his cow was killed about three hundred yards from the station of the defendant's railroad in said town; that she was of the value of thirty-five dollars.

The record is barren of any testimony as to the township in which the town of Dixon is situated, although there was evidence tending to show that the cow was killed in the town of Dixon. After the overruling of an instruction on behalf of defendant in the nature of a demurrer to the evidence, the case

was submitted to the jury and a verdict rendered for plaintiff for thirty dollars, from which this appeal was taken.

*L. F. Parker* and *J. T. Woodruff* for appellant.

(1) It is very clear that the statement in this case does not allege that the suit was brought before a justice of the peace of the township in which the injury happened, or an adjoining township. It is equally clear that such an allegation is necessary. R. S. 1899, sec. 3839; Hansberger v. Railroad, 43 Mo. 196; Haggard v. Railroad, 63 Mo. 302; Barnett v. Railroad, 68 Mo. 56; Matson v. Railroad, 80 Mo. 229; Rohland v. Railroad, 89 Mo. 180; Manuel v. Railroad, 19 Mo. App. 631; Roberts v. Railroad, 19 Mo. App. 649. (2) There is no evidence in this case that the injury happened in Union, the township in which the suit was brought, or an adjoining township. There must be proof that the injury happened in the township in which the suit is brought, or an adjoining township. R. S. 1899, sec. 3839; Ellis v. Railroad, 83 Mo. 372; Backenstoe v. Railroad, 86 Mo. 492; King v. Railroad, 90 Mo. 520; Briggs v. Railroad, 111 Mo. 168; Manuel v. Railroad, 19 Mo. App. 631; Porter v. Railroad, 66 Mo. App. 623.

BOND, J.—With reference to the local jurisdiction of a justice of the peace, the statute provides as follows: "Any action against a railroad company for killing or injuring horses, mules, cattle, or other animals, shall be brought before a justice of the peace in the township in which the injury happened, or an adjoining township." R. S. 1899, sec. 3839. In construing the foregoing clause of the statute, it is said by the Supreme Court, speaking through Judge SHERWOOD: "It is quite too clear for argument, that the section just quoted fixes in express language and in immovable terms the territorial

boundaries of the jurisdiction of a justice of the peace in this class of actions, and beyond these boundaries this jurisdiction can not pass." It was accordingly held in that case that the failure of the transcript to show that the suit was brought either in the township "in which the injury happened or in an adjoining township" was a defect fatal to the jurisdiction of the action on the part of the justice, wherefore, the judgment was reversed and the cause remanded. Rohland v. St. Louis & San Francisco Railroad, 89 Mo. 180.

In the case at bar, the statement filed before the justice and the transcript of the proceedings before him sent up to the circuit court, sufficiently show the allegations necessary to vest the justice with jurisdiction to try the case, and hence, the doctrine of the foregoing case does not apply. The difficulty, however, arises from the fact that there was no substantial evidence adduced on the trial tending to show that the town of Dixon was located in Union township, Pulaski county, as alleged in the petition before the justice. The Supreme Court has held that the failure to make such proof is also fatal in actions like the present. Backenstoe v. Wabash, St. Louis & Pac. Railroad, 86 Mo. 492. For the latter reason we are constrained to reverse the judgment and remand the cause, when the plaintiff will have an opportunity to supply the missing link in his chain of testimony. All concur.