CHARLES H. GILBERT, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 28, 1885.

DAMAGES—FAILURE OF PROOF— CASE ADJUDGED.—Where the proof showed, merely, in an action for double damages for the killing of plaintiff's cow by the defendant's locomotive or train of cars, under section 809, Revised Statutes, that the cow was found dead near the railroad track, bruised and so marked as to indicate that she had been struck with great force by some instrument, and there were, also, signs about the railroad ties indicating that the injury was inflicted on the track; but there was *no proof* that defendant was, at that time, *operating* said railroad, or that any train of cars or locomotive had passed over the road, at that point, at any time. *Held*, that section 809 contemplates an *actual* collision of the railroad company's *cars* or engine, *with the animal ;* and, so far as appears by the record, there was no substantial fact in evidence, from which the jury might reasonably infer this important fact, essential to support the verdict, and that the demurrer to the evidence should have been sustained.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

VOL. XXIII—5

*Reversed and remanded.*

The case is stated in the opinion of the court.

ADAMS & BOWLES, for the appellant.

I.   To make defendant liable for double damages, the injury must have been inflicted by defendant while running or *operating* its railroad with *engines or cars*, and that the injury was by actual contact.   Sect. 809; Rev. Stat. ; *Lafferty v. Railroad*, 44 Mo. 291 ; *Hughes v. Railroad*, 66 Mo. 325 ; *Seiber v. Railroad*, 72 Mo. 565.

II.   The statute is penal in its nature, in so far, at least, as the amount of the judgment exceeds the actual value of the animal ; it should be strictly construed, and so as not to enlarge the liability it imposes, nor allow a recovery unless the party seeking it brings his case strictly within the terms or conditions authorizing it. *Parrish v. Railroad*, 63 Mo. 286 ; *Toy v. Railroad*, 21 Mo. App. ——.

III.   The court could not assume, in the absence of all proof, that defendant was running engines and cars on the road upon which the animal was found, or was operating the same at all, or by any agency so as to render it liable under section 809, of the statutes, which clearly contemplates an actual collision.   Defendant's demurrer to the evidence and motion in arrest of judgment should have been sustained.   *Lafferty v. Railroad*, 44 Mo. 291 ; *Seibert v. Railroad*, 66 Mo. 325 ; *Railroad v. McBrown*, 58 Ind. 575 ; *Schwartz v. Railroad*, 107 Ill. 577.

W. J. TERRELL, for the respondent.

I.   The cases cited by defendant do not apply to the facts shown in *this* case.   That in 44 Mo. 291 was for injuries caused by fright only.   That in 66 Mo. 325 from being drowned in an abandoned well.   That in 72 Mo. 563 was also from fright, primarily.

II. The operating of the railroad is a reasonable infer-ence from the admissions of the pleadings as to incor-poration. The statute makes the coming onto the road and being killed by reason of a failure to fence, the gist of the action. In such cases the supreme court holds that circumstances, from which ingress and killing may be reasonably inferred, are sufficient. Laws Mo. 1883, p. 121, amending sect. 3653, Rev. Stat; *Jantzen v. Rail road*, 83 Mo. 171; *Gee v. Railroad*, 80 Mo. 283; *Lepp v. Railroad*, Sup. Ct. Mo. b. ch. I, '85; 1 Western Rep. 109; *Halferty v. Railroad*, 82 Mo. 90; *Meyers v. Trust Co.*, 82 Mo. 237.

III. The case was fairly submitted, upon instruc-tions asked by defendant, only, and the objection urged here, if not waived by defendant's subsequent instruc-tions, works no prejudice to defendant. *Bowling v. Hax*, 55 Mo. 446; *VanEvery v. Flanders*, 17 Mo. App. 241; *State v. Music*, 71 Mo. 401; *Meyers v. Union Tru*·*t Co.*, 237.

IV. No merits are shown for the appeal, and the judgment should be affirmed, with ten per cent. dam-ages.

PHILIPS, P. J.—This is an action, instituted in a justice's court, to recover double damages for the alleged killing of plaintiff's cow by defendant's locomotive or train of cars. The action is based on section 809, Re-vised Statutes.

The plaintiff recovered judgment in double the value of the cow. Defendant has appealed.

At the conclusion of plaintiff's evidence, the defend-ant asked for an instruction to the jury in the nature of a demurrer to the evidence. The demurrer was based upon the ground of the failure of proof to show that the defendant did the injury complained of.

The proof showed merely that the cow was found dead near the railroad track, bruised and so marked as to indicate that she had been struck with great force by

some instrument. There was, also, evidence of hair on and about the railroad ties, indicating that the injury was inflicted on the track. This was the whole of the evidence. There was no proof that defendant, at that time, was operating said railroad, that it was running any cars or locomotive over it, or that any train of cars, or locomotive, had passed over the road, at that point, at any time.

We know of no case holding such proof sufficient to uphold a verdict against a railroad company. There was sufficient evidence to have warranted the jury in finding that the force which occasioned the injury was applied on the track, and had this been followed by further proof that defendant was, at that time, running cars over that portion of the road, this would have been the proof of a collateral fact from which the jury might reasonably have inferred the principal fact that the injury resulted from collision with one of defendant's passing trains.

From aught that appears in this record, the defendant may not have been running a locomotive at all over this road, at the time in question. Section 809 contemplates an actual collision of the railroad company's cars, or engine, with the animal.

We have examined, carefully, this record, to discover whether there was any substantial fact in evidence from which the jury might reasonably infer the important fact essential to support the verdict; and are satisfied that the jury indulged in the merest assumption in finding for the plaintiff. The demurrer to the evidence should have been sustained.

The judgment of the circuit court is reversed, and the cause is remanded. All concur.