H. M. VAUGHAN, Respondent, v. KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 5, 1889.

1. **Practice, Appellate:** INCOMPLETE RECORD: PRESUMPTIONS. When the record before this court is incomplete, disconnected and unintelligible or silent as to papers or matters presented in the trial court and involved in the rulings complained of, all presumptions are in favor of the proceedings and rulings of the trial court.  It is the duty of the party appealing, and not of the other party, to see to the completeness of the transcript.

2. **Evidence:** KILLING STOCK ON RAILWAY.  Direct proof of a collision between the defendant's locomotive and the plaintiff's heifer was not essential to the plaintiff's recovery, if such collision might be inferred from facts and circumstances established by the evidence.

3. **Instructions:** KILLING STOCK ON RAILWAY: UNFENCED TRACK An instruction that the defendant was liable if its locomotive killed the plaintiff's heifer at a point on the track where there was no fence, but where the defendant was required by law to maintain a fence, while it does not literally follow the statutory condition that the animal came upon the track at such a point, is yet not open to fatal objection, since it does not materially affect the merits of the action, when the natural and reasonable inference from all the testimony is, that the animal got upon the track at an unfenced point where a fence was required by law.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Wallace Pratt* and *Olden & Green,* for the appellant.

It has been held repeatedly by the higher courts of this state that section 809, Revised Statutes, contemplates an actual collision of the railroad company's cars or engine with the animal. *Gilbert v. Railroad,* 23 Mo. App. 65; *Lafferty v. Railroad,* 44 Mo. 291; *Seibert v. Railroad,* 66 Mo. 325. And we deny "that an actual collision of the railroad company's cars or engine with the animal" was proven in this case. "Section 809, Revised Statutes, is a penal statute, and in proceedings under statutes exacting a penalty a greater strictness of construction, both as to the allegations and the proof, is required than in ordinary cases." *Mantz v. Railroad,* 87 Mo. 278. The court erred in allowing any testimony to go to the jury. And defendant's objection thereto should have been sustained for the reason: The justice's transcript failed to show affirmatively that the alleged killing occurred in Lynn township, or an adjoining township. R. S., sec. 2839; *Vaughan v. Railroad,* 17 Mo. App. 4; *Watson v. Railroad,* 80 Mo. 229; *Backenstoe v. Railroad,* 86 Mo. 492; *Rohland v. Railroad,* 89 Mo. 180. In actions under section 809, Revised Statutes, it has been continuously and uniformly held by this court that "the place where the animal came upon the track, and not where it was killed, measures the defendant's liability." *Nance v. Railroad,* 79 Mo. 196; *Jantzen v. Railroad,* 83 Mo. 171; *Wilson v. Railroad,* 18 Mo. App. 258. It is true that in *Jantzen v. Railroad,* 83 Mo. 171, it was held: "Where it appears from the evidence that the blood and carcass of the animal are found upon the track at a

point which was not, but should have been, fenced, it will be presumed, in the absence of evidence to the contrary, that it entered upon the track at that point."

BRIGGS, J., delivered the opinion of the court.

This is a suit under section 809, Revised Statutes, for killing plaintiff's heifer. There was a judgment for plaintiff for double damages before the justice of the peace, from which defendant appealed. A trial in the circuit court was had with a like result and defendant has again appealed.

The assignment of errors by defendant in relation to the admissibility of testimony under the pleadings and the jurisdiction of the justice, will have to be determined against the defendant. There appears in the circuit court proceedings, an entry giving plaintiff leave to file an amended statement. This amended statement nowhere appears in the record. There is a paper attached to the transcript in this case which purports to be plaintiff's complaint before the justice, but the record is so imperfect and uncertain, as to the identity of this paper, that we are not authorized to consider it as a part of the record. It is in the same handwriting as the other portions of the transcript, but the paper contains no certificate of the clerk that it is a paper in the case. It is so disconnected and separated from the transcript of the justice that we cannot hold that it is referred to by his certificate. The paper seems to occupy an entirely independent place in the record, and is, in no sort of way, identified or referred to in any other part of the record.

Defendant's counsel in his abstract of the record fails to refer to this paper, and evidently intended to treat it as no part of the record.

The record shows that at the beginning of the trial, "leave was given plaintiff to file an amended statement, and thereupon plaintiff read his petition," etc.

It is evident from this that the record is incomplete. In the absence of record evidence to the contrary, all presumptions are in favor of the correctness of the proceedings and rulings of the trial court. *Walter v. Cathcart*, 18 Mo. 256. The presumption is that the complaint was sufficient and authorized the admission of the testimony and also that the court had jurisdiction of the case. It was the duty of the defendant, and no part of the business of plaintiff, to see that a complete record was transmitted to this court.

It is contended "that there was no evidence of an actual collision between the locomotive or cars on defendant's road and plaintiff's heifer." There was no direct proof of this fact, nor does the law require it. That there was a collision may be inferred from facts and circumstances established by the evidence in the case. *Halferty v. Railroad*, 82 Mo. 90; *Blewett v. Railroad*, 72 Mo. 583. The ownership of the road by defendant, and that it was running trains thereon, were clearly established.

On the afternoon of the eighth of September, plaintiff saw his heifer near the railroad track where the road extended through uninclosed lands. There was no public highway crossing the railroad track, at or near the place, and it was not near the corporate limits of a town. The railroad at this place was unfenced.

About ten minutes after plaintiff saw heifer he heard a passing locomotive on the railroad give what is known as the "stock signal." This signal was given at or very near the place where plaintiff had seen the animal. Another witness, in the employ of the railroad company, was near by and also heard the signal usually given to frighten stock from the track or right of way, and that the locomotive was near where the heifer was killed. The animal was found dead on the morning of the ninth, about two hundred yards from the place plaintiff had seen her the afternoon before. The animal

had one leg broken, another bruised, and the side of its head skinned. These facts authorized the submission of the question of a collision to the jury. This case is distinguishable from the case of *Gilbert v. Railroad*, 23 Mo. App. 65, cited and relied on by defendant's counsel. In the *Gilbert case*, the Kansas City court of appeals held " that there was no proof that defendant was, at the time, *operating* the railroad ; that it was running any cars or locomotive over it, or that any locomotive or train of cars had passed over the road at that time, or any other time." For these reasons, the court held that the proof was not sufficient to sustain the judgment. In the case at bar, these facts are clearly established by the evidence.

Defendant's counsel insists that plaintiff's instructions do not properly declare the law. The instructions complained of are as follows :

"1. The court instructs the jury that the laws of the state of Missouri require all railroad companies to erect and maintain good and lawful fences on the sides of their roads, except at public crossings and in incorporated towns, and if they believe, from the evidence, that the heifer was struck and killed at a point where it was the duty of the railroad to fence their road, you should find for the plaintiff.

"2. The court instructs the jury that they are the sole judges of the evidence and the credibility of the witnesses, and if they believe, from the evidence, that on or about the eighth day of September, 1887, the defendant was operating and owned the Kansas City, Springfield and Memphis railroad in and through Lynn township, in Oregon county, Missouri, and then and there, while running their locomotive and cars thereon, negligently and carelessly run over and killed plaintiff's heifer on their said railroad, where said railroad was not fenced, and not a public crossing of any road or highway, and not in any incorporated town, you should

find the issue for the plaintiff and return a verdict for the actual value of said heifer.

"3. That, although you may believe the plaintiff's heifer was found dead two hundred yards from the track of defendant's road, yet, if you believe said heifer was wounded and injured by reason of defendants, their agents or servants, running on or against said heifer, on their road at a point where the said road was not fenced, and where defendant was, by law, required to maintain a fence, and that the said heifer died from the effects of said wounds or injuries, then you should find for plaintiff."

The defendant's contention is, that in order to render defendant liable under section 809, the jury must find that the animal killed or injured *came* upon the track at a place where defendant was required by law to fence the road, and that instead of this, the court instructed the jury that if "plaintiff's heifer was *killed* at a place on defendant's road where the law required a fence to be built, and defendant had failed to fence, then defendant was liable."

Conceding that this was a misdirection, yet if the error committed did not "materially affect the merits of the action," the judgment ought not to be reversed on account of it. R. S., sec. 3775. The question is, would the result have been different if the other fact, to-wit, that the animal strayed upon the track where the law required defendant to fence, had been submitted to the jury for its determination. The evidence tends to prove (and there is no countervailing proof) that the railroad, at the place where the animal was seen (about ten minutes before the train passed along) extended through uninclosed lands. That the road was not fenced and that there was no highway or incorporated town near the place. The heifer when seen by plaintiff was very near defendant's railroad track, and not exceeding ten minutes afterwards, plaintiff heard the

"stock signal" at or near the place where he saw the animal. The natural and reasonable inference would be that the heifer got on defendant's railroad ,track (if at all) at a place where defendant was required to fence. As the jury found that the animal had been injured by a passing locomotive or train on defendant's road, they would, in all probability, if the question had been submitted, have found that the animal strayed upon the track where the law required a fence to be built. It is not, therefore, reasonable to conclude that the defendant was prejudiced by the failure of the court to properly instruct the jury. *Moore v. Railroad*, 73 Mo. 438; R. S., sec. 3775. An instruction similar to those under consideration, was considered and approved by the supreme court in *Terry v. Railroad*, 77 Mo. 254; although this special objection was not urged.

The cases cited by defendant's counsel all refer to the insufficiency of the complaints.

The judgment will be affirmed. All concur