T. J. LINDSAY, Respondent, v. THE KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 16, 1889.

36  51
61  463

36  51
69  297

36  51
f156s639

1. **Damages:** KILLING STOCK ON RAILWAY. In an action begun before a justice of the peace under Revised Statutes, section 809, if the record fails to show that the justice was an officer of the township in which the animal was killed or of an adjoining township, this is fatal to the action, and a judgment for the plaintiff must be reversed. If, however, the facts warrant it, the defect may be remedied by amendment in the circuit court.

2. **Damages:** EVIDENCE. If it does not appear, even inferentially, from the evidence, that the animal was killed by the defendant's agents, engines, or cars, or that the defendant was operating the road, or that any train of cars or locomotive engine had passed over it at any time, there can be no recovery for the plaintiff under the provisions of Revised Statutes, section 809.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*Wallace Pratt* and *Olden & Green*, for the appellant.

There was no evidence authorizing a verdict against the defendant. And the verdict was against the evidence. Such being the case the demurrer to the evidence should have been sustained. It is charged in complaint that the hog was killed in Lynn township, but it does not appear in the transcript of the justice, nor does the evidence in the circuit court show that M. W. Hearle, from whom the case was appealed, was a justice of the peace for Lynn township, or that the suit was brought in Lynn township. " In an action before a justice of the peace for damages against a railroad company for the killing of stock, the statement must show in addition to other jurisdictional facts, that the animal was killed in the same township in which the justice is a justice, or in an adjoining township." R. S

sec. 2839 ; *Matson v. Railroad*, 80 Mo. 229. "Actions before a justice of the peace, against a railroad for killing animals, must be brought in the township in which the injury occurred, or in an adjoining one. Where the transcript fails to show this, the defect is fatal, and the justice will be held to have acquired no jurisdiction." *Rohland v. Railroad*, 89 Mo. 180. It is impossible to determine from the record in this case before whom or in what township this suit was brought. *Mitchell v. Railroad*, 82 Mo. 106 ; *Palmer v. Railroad*, 21 Mo. App. 437 ; *Ellis v. Railroad*, 83 Mo. 372 ; *Wright v. Railroad*, 25 Mo. App. 236 ; *Vaughan v. Railroad*, 17 Mo. App. 4. Where the proof showed merely in an action for double damages for the killing of plaintiff's cow by the defendant's locomotive or train of cars, under section 809, Revised Statutes, that the cow was found dead near the railroad track, bruised and so marked as to indicate that she had been struck with great force by some instrument, and there were, also, signs about the railroad ties indicating that the injury was inflicted on the track ; but there was no proof that defendant was, at the time, operating said railroad, or that any train of cars or locomotive had passed over the road at that point at any time, held, that section 809 contemplates an actual collision of the railroad company's cars or engine, with the animal ; and so far as appears by the record, there was no substantial fact in evidence from which the jury might reasonably infer this important fact, essential to support the verdict, and that the demurrer to the evidence should have been sustained. *Gilbert v. Railroad*, 23 Mo. App. 65.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, upon appeal from a justice of the peace, recovered a judgment against the defendant for double damages, for the killing of the plaintiff's sow, under the provisions of section 809 of the Revised Statutes.

It appears, from the evidence, that the sow was killed in Lynn township, but there is nothing in the record to show, that the justice of the peace, before whom the action was instituted, was either a justice of Lynn township, or of an adjoining township. The transcript of the justice is not in the record and the only recital therein is that he was a justice of the peace within and for Oregon county.

The action under this section is local, and the fact that it has been instituted before a justice of the peace of the township, or of an adjoining township to the one where the killing or maiming occurred, is a jurisdictional fact, which must appear by the record, and must be established by the evidence. This has been frequently and uniformly decided. *Rohland v. Railroad*, 89 Mo. 180, and cases cited. This omission is of itself fatal to the recovery, and necessitates a reversal of the judgment.

As this defect (under the ruling in *Vaughn v. Railroad*, 17 Mo. App. 4, *loc. cit.* 8) may be remedied in the circuit court if the facts warrant it, we deem proper to say in addition that the evidence, as preserved in the record, is insufficient to warrant a recovery in other respects. It appears, by the evidence, that the animal was killed by some violence upon, or near, the railroad track, but it does not appear, even by inference, that it was killed by defendant's agents, engines, or cars. It does not appear that defendant was operating the road, or that any train of cars, or locomotive engine, had passed over it at any time, much less at the time of the accident. Failure to prove these facts, and thus establish, by at least inferential evidence, that the killing or maiming is one within the provisions of section 809, is equally fatal to plaintiff's recovery. *Gilbert v. Railroad*, 23 Mo. App. 65.

Reversed and remanded. All the judges concur.