GEORGE K. YOUNG, Respondent, v. KANSAS CITY, FORT SCOTT AND MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 21, 1890.

1. **Railroads:** KILLING STOCK: SUFFICIENCY OF STATEMENT. A statement of a cause of action for double damages for the killing of stock by a railroad company examined, and *held* sufficient.

2. **Evidence:** COMPETENCY OF MATTER OF REPUTE. Township boundaries, being a subject of general public interest, may be proven by matter of repute notwithstanding that the establishment of townships is evidenced by matter of record. *Held*, accordingly, that oral evidence is admissible to prove that two townships adjoined each other.

3. **Railroads:** KILLING STOCK: NON-ADJOINING OWNERS. The fact, that the owner of stock injured by the railway company is not an adjoining owner, is not material in the absence of evidence that the stock came upon the railway track from adjoining fields, which were fenced.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*Wallace Pratt* and *Olden & Green*, for the appellant.

There was no proof that the plaintiff was an owner of land adjoining the railway track, where his animal

was killed. That proof was essential to a recovery. *Ferris v. Railroad*, 20 Mo. App. 122. It was not shown by competent proof that Dry Creek and Hutton Valley townships adjoin. This was a jurisdictional fact, and could only be established by record evidence, that is, evidence of the record of the establishment of the township. This was not done.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action for double damages under the provisions of section 809 of the Revised Statutes of 1879. There was judgment for plaintiff below, and the defendant appealing assigns for error, that the statement is jurisdictionally defective, that the court admitted illegal and incompetent evidence and that the evidence is insufficient to support the judgment.

The statement, the sufficiency of which is thus challenged, is as follows :

"Before W. W. Tucker, J. P., Hutton Valley Township in Howell County, Missouri.

"George K. Young
    *vs.*
"Kansas City, Ft. Scott & Memphis Railroad Company.   } Damages.

"Plaintiff states that the defendant is and was on the seventh day of September, 1888, a corporation organized and existing under the laws of the state of Missouri, and, as such corporation, owned and operated a railroad passing and running through Dry Creek township in said county and state aforesaid ; that on the seventh day of September, 1888, the said defendant, by its agents, servants and employes, while running a locomotive and train of cars on said road in said Dry Creek township, ran against, struck and killed a certain mule of plaintiff of the value of one hundred dollars and one calf of plaintiff of the value of ten dollars, to plaintiff's damage in the sum of one hundred and ten

dollars ; that said mule and said calf came upon the track of said railroad in said township, where it passes through unenclosed lands where said railroad company was and is by law required to erect and maintain a good and lawful fence on each side of its railroad, and where there was not any crossing of said railroad by a public or private highway ; that the defendant on said seventh day of September, 1888, and for a long time prior thereto, failed and neglected to keep and maintain a lawful fence on the sides of said road, at a point where said mule and calf got upon the track and were killed, and that, by reason thereof, said mule and said calf got upon said railroad track and were killed, and the killing of said mule and said calf was occasioned then and there by the neglect and failure of the defendant to erect and maintain lawful fences on the sides of its said railroad aforesaid.

" Plaintiff also states that Hutton Valley township is adjoining to said Dry Creek township in said county. Wherefore plaintiff, by reason of the killing of said mule and said calf, as aforesaid, and by virtue of section 809 of the Revised Statutes of Missouri of 1879, demands judgment for double the value of said mule and the said calf in the sum of two hundred and twenty dollars."

No particular defect in the statement is pointed out by appellant, and we can see none. It states all necessary jurisdictional facts. It expressly states the obligation of the defendant to fence its track where the accident occurred, and that the animals came upon the track, where it was unfenced and where the defendant was under legal obligation to fence, and that they were killed in consequence. It further states that this happened in an adjoining township to the one where the suit is brought. That the suit is brought in Hutton Valley township, appears by the statement, by the justice's transcript, and by the circuit clerk's certificate, which describes the transcript filed in his office as being

a transcript from the office of W. W. Tucker, one of the justices of the peace of Hutton Valley township in Howell county. The first assignment of error is, therefore, clearly untenable.

Upon the trial the plaintiff gave oral evidence to the effect that Dry Creek township, where the accident occurred, and Hutton Valley township, where the suit was instituted, were adjoining townships. This evidence was objected to by the defendant, on the ground that such fact was matter of record, which could not be established by oral evidence. The law, as embodied in sections 7426 and 7427 of the Revised Statutes of 1879, requires the county court to divide the county into convenient townships, to cause its clerk to enter the description of the townships of record, and, within thirty days after establishing a township, to transmit to the secretary of state a description of such township and its boundaries. The general rule unquestionably is that oral evidence cannot be substituted for any instrument which the law requires to be in writing, such as records, public documents, etc. (1 Greenleaf on Evidence, sec. 86); but we do not understand the rule as excluding evidence of reputation, where the fact sought to be established is a boundary not of particular but of general public interest. Upon principle the same rule should, and unquestionably does, apply to such boundaries, as applies at common law to ancient boundaries of parishes, manors and the like, which are of public interest, and touching which oral proof was always admissible. 1 Greenleaf on Evidence, sec. 145. The boundaries of a township are of public interest to all its inhabitants, as, under our laws, questions of taxation for local purposes are determined by such boundaries. We must, therefore, conclude that the second assignment of error is likewise untenable.

The last assignment is likewise untenable. The evidence was sufficient to justify the jury to infer that

the animals came upon the track, and were killed, at a point where the railroad company was under legal obligations to fence. *Vaughan v. Railroad,* 34 Mo. App. 141. The fact that the plaintiff was not shown to be an adjoining owner was immaterial, since there was no pretense that the animals came upon the track from adjoining fields which were fenced, as was the case in *Ferris v. Railroad,* 30 Mo. App. 122, and cases there cited, but it was shown that the railroad, at the place where the animals came upon the track and were killed, ran through open and unenclosed lands.

All the judges concurring, the judgment is affirmed.