D. W. JACKSON, Respondent, v. THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 27, 1891.

**Railroads:** KILLING OF STOCK. The duty of a railway company to fence, where its road passes through uninclosed lands, is imposed upon it for the benefit of the general public, and not for adjoining owners only.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*George H. Benton*, for appellant.

(1) The first cause of action stated in plaintiff's petition fails to state facts sufficient to constitute. a cause of action. It discloses that the justice of the peace of Tywappity township had no jurisdiction of the killing of the hogs alleged to have occurred in Mississippi township, because the essential jurisdictional allegation that Mississippi township adjoins Tywappity township is wholly lacking, and cannot be inferred from anything that is alleged. *Ellis v. Railroad*, 83 Mo. 372 ; *Manz v. Railroad*, 89 Mo. 278. (2) The court erred in refusing to declare the law as requested by the appellant. *Ferris v. Railroad*, 30 Mo. App. 122.

*James A. Boone* and *H. J. Cantwell*, for respondent.

ROMBAUER, P. J.—The plaintiff recovered judgment for double damages, under section 2611 of the Revised Statutes of 1889, for killing his stock by the defendant's cars, where its road ran through uninclosed timber lands. The only exception saved on the trial below relates to the refusal of the court to declare the law, upon defendant's request, that the plaintiff could not recover, unless he was an adjoining proprietor of lands, and the stock strayed upon the road from such lands. There was no error in this. The case of *Ferris v. Railroad*, 30 Mo. App. 122, which is claimed, as giving countenance to this view, refers to inclosed fields only. The duty of the railway company to fence, where its roads passes through uninclosed lands, is imposed upon it for the benefit of the general public,

and not for adjoining owners only. *Rozzelle v. Railroad*, 79 Mo. 349 ; *Kinion v. Railroad*, 39 Mo. App. 382.

A point now made for the first time, and which derives some countenance from the recitals in the transcript, is that the plaintiff's statement, on which the cause was tried, fails to show that the stock was killed either in the township where the suit was brought, or in an adjoining township. The plaintiff, claiming that the transcript, as filed, failed to correctly set out the statement filed, moved for a *certiorari*, and, to avoid delay, we ordered the clerk of the circuit to send up the original statement for our inspection. We have ascertained from an inspection of the statement that it does contain the allegation that Tywappity township, wherein the suit was brought, adjoins Mississippi township, wherein the stock came upon the track, and was killed. The omission of this statement in the transcript was apparently due to the fact the allegation is inserted in the margin, and was on that account overlooked by the clerk in copying it. The second assignment of error is, therefore, likewise untenable.

Judgment affirmed. All concur.