WILLIAM GEISER, Respondent, v. ST. LOUIS, IRON
    MOUNTAIN & SOUTHERN RAILWAY COMPANY,
                        Appellant.

| 61 | 459 |
| 78 | 179 |
| 61 | 459 |
| 84 | 116 |

St. Louis Court of Appeals, March 26, 1895.

1. **Railroads: KILLING STOCK: CHARACTER OF ACTION.** Whether an
action, instituted in a justice's court against a railway company for
the killing of stock, has been brought under section 2611 or 2612 of
the Revised Statutes will be determined from the charging part of
the statement of the plaintiff, and not from his prayer for judgment.
Accordingly, though double damages are prayed for, the action will
be treated as brought under the latter section, if no actual collision
with the stock is alleged.

2. ———: ———: **PROOF OF OWNERSHIP OF RAILROAD.** In such an
action the plaintiff alleged the killing of the stock on the Jackson
& Allenville branch railroad, and the ownership of that railroad by
the defendant; and there was testimony, without objection, that the
stock was killed on the Jackson branch of the defendant. *Held*, that
the ownership of the railroad had been sufficiently established under
these circumstances to sustain a verdict for the plaintiff.

3. ———: ———: **PLEADING.** The plaintiff in such a suit will be
bound by his allegation in the statement of his cause of action, that
the stock came upon the railroad and was killed at a point where the
railroad passes through inclosed lands, when the evidence does not
show the fact to be otherwise.

4. ———: ———: **ACTION FOR STOCK ESCAPING FROM INCLOSED LANDS.**
Under section 2612 of the Revised Statutes, as under section 2611; no
right of action for the killing of stock exists when the stock comes
upon the railroad from adjoining inclosed land, unless the plaintiff
was the owner or lessee of such land or had his stock upon the land
with the consent of the owner or lessee of it.

*Appeal from the Cape Girardeau Circuit Court.*—HON.
                HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

*M. L. Clardy* and *H. G. Herbel* for appellant.

(1) The court erred in overruling defendant's
motion to strike out plaintiff's amended petition for

the reason that said amended petition stated a new and different cause of action from that stated in his complaint filed before Justice Hinton. *Gregory v. Railroad*, 20 Mo. App. 448; *Holliday v. Jackson*, 21 Mo. App. 464; *McCormack v. Kaye*, 41 Mo. App. 268; *Sturgis v. Botts*, 24 Mo. App. 286; *Young v. Railroad*, 33 Mo. App. 518; *Scovill v. Glassner*, 79 Mo. 449; *Foster v. Railroad*, 90 Mo. 116; *Hesse v. Railroad*, 36 Mo. App. 164; *Lafferty v. Railroad*, 44 Mo. 291; *Hughes v. Railroad*, 66 Mo. 325. (2) The court erred in finding for the plaintiff, and in overruling defendant's motion for a new trial, because the evidence adduced at the trial was insufficient to authorize a finding for the plaintiff. *Pullman Palace Car Co. v. Railroad*, 115 U. S. 587; *Sayer v. Railroad*, 43 Mo. App. 361; *Goodwin v. Railroad*, 43 Mo. App. 359; *Ferris v. Railroad*, 30 Mo. App. 122; *Summers v. Railroad*, 29 Mo. App. 47; *Carpenter v. Railroad*, 25 Mo. App. 113.

*John A. Hope* for respondent.

BIGGS, J.—The plaintiff recovered a judgment against the defendant, under section 2612 of the Revised Statutes of 1889, for $100, the value of a mule alleged to have been injured and killed by the defendant. The court also taxed as costs in the case the sum of $25 for attorney's fee, as provided by the next succeeding section. It was alleged in the complaint that, at the point where the mule came upon the track of the railroad and was killed, the right of way was not fenced; that the animal was frightened by a passing locomotive and ran into a trestle, causing injuries which resulted in its death. The cause was submitted to the court without the intervention of a jury, with the above result. The defendant has appealed.

The action originated before a justice of the peace. The defendant made no appearance, and the justice rendered judgment by default for double the value of the mule. The plaintiff amended his complaint in the circuit court. On the trial the defendant objected to the introduction of any evidence, for the reason that the amended complaint substituted a new and different cause of action. The court overruled the objection, and the defendant excepted, and still excepts. The defendant also objects to the judgment, for the reason that there was no evidence to show that the defendant was the owner of the railroad, or that the plaintiff was an adjoining proprietor.

In the original complaint it was substantially averred that the defendant was the owner of the Jackson & Allenville Branch Railroad, which ran through the township where the suit was brought and the mule was killed; that the mule was killed at a point on the railroad where there was no public or private road crossing, and where the defendant had failed to erect fences; that the mule became frightened at an approaching train and ran into a trestle on the line of the railroad, and thereby received injuries which subsequently caused its death. The prayer was for "double damages, according to the statute." It is claimed by the defendant that this complaint stated a cause of action under section 2611 of the statute, if it stated any at all.

The amended complaint follows the original as to the cause of the accident and the circumstances under which it occurred. It contains the additional averments that, at the point where the mule *came* upon the track as well as the place where it was killed, there was no fence, and that at the point where it came upon the track there was no crossing of a public highway or other railroad, nor was it within the corporate limits of

a city or town. It also contained the averment that, at the points mentioned, the railroad passes along and through *inclosed* lands. The prayer is for judgment for single damages under section 2612 of the statute, and for the allowance of a reasonable attorney fee for bringing the suit as provided by the next succeeding section.

The point, that the original complaint must be held to be a statement of a cause of action under what is commonly called the "double damage act" (section 2611, *supra*), must be overruled. It is true that the prayer is for double damages, but the prayer is no part of the statement of the cause of action, and it does not necessarily determine its character. The charging part of the statement ought rather to be looked to to ascertain the nature of the action. The complaint is entirely insufficient to make a case under section 2611, in that it fails to aver an actual collision, which has been often held to be absolutely essential; but, on the contrary, the allegations bring the case clearly within section 2612, *supra*. We, therefore, conclude that the amendment was proper and necessary, and that the circuit court committed no error in overruling the defendant's objection to the introduction of evidence.

Neither is there any merit in the suggestion, that there is no evidence that the defendant is the owner of the railroad. The witnesses testified that the mule was killed on "the Jackson Branch of the St. Louis, Iron Mountain & Southern Railway." This evidence was received without objection. Some evidence of the fact of ownership was necessary, but full proof ought not to be exacted from the plaintiff, especially when no intimation is made that the claim is resisted on that ground. The evidence above stated, we think, shows inferentially, at least, that the defendant is the owner

of the road. *Keltenbaugh v. Railroad*, 34 Mo. App. 148; *Lindsay v. Railroad*, 36 Mo. App. 51.

The last objection is well taken. The complaint contains the averment that the mule came upon the track and was killed at a point where the railroad passes through *inclosed lands*. It only appears from the evidence that at the place designated there was no public or private road or the crossing of another railroad, and that it was not within the corporate limits of a city or town. The character of the adjoining land was in no other way established, but we take it that the plaintiff, in the absence of proof to the contrary, is bound by the allegation that the land was *inclosed*. There was no proof that the plaintiff was an adjoining proprietor, or that his mule was lawfully on the premises from which it escaped onto the right of way of the railroad, and to this extent his evidence is insufficient to support the judgment.

It is well settled that to authorize a recovery under such a state of facts under section 2611, *supra*, that is, where it appears that the animal escaped onto the right of way of the railroad from *inclosed lands*, there must be proof that the plaintiff was the owner or lessee of the adjoining land from which the animal escaped onto the railroad, or he must show that the animal was on the premises with the consent of such owner or lessee. *Ferris v. Railroad*, 30 Mo. App. 122; *Young v. Railroad*, 39 Mo. App. 52; *Jackson v. Railroad*, 43 Mo. App. 324; *Kinion v. Railroad*, 39 Mo. App. 574. This is upon the theory that the statute was passed for the benefit of *adjoining proprietors*, and for the safety of persons traveling on trains. No valid reason, we think, can be assigned for a different construction of section 2612. While it can not be said that this section is amendatory of section 2611, yet it was intended to broaden its application. In construing section 2611, the courts of

the state held that there could be no recovery thereunder, unless there had been an actual collision. To obviate this supposed defect, section 2612 was enacted, so as to afford a remedy to the owner of stock where the stock had come upon the right of way of a railroad under the circumstances stated in section 2611, and by reason of passing trains had been frightened and injured. The precise point has never been adjudicated, but, so far as the supreme court has discussed or applied the section, our conclusion seems to be justified. *Perkins v. Railroad*, 103 Mo. 52.

For the above reason the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.