N. L. CARTER, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Railroads:** STOCK INJURED ON UNFENCED RIGHT OF WAY: PUBLIC CROSSING: EVIDENCE: INSTRUCTIONS. In an action against a railroad company for double damages, under section 2611, Revised Statutes, 1889, for an alleged injury to plaintiff's mare by defendant's cars, at a point on its road which was not fenced, where the answer was a general denial, and the evidence tended to prove that the animal was struck by defendant's cars at the crossing of a road used by the public, instructions offered by defendant that it was not required to fence its right of way at a point where it was crossed by a road traveled by the public for ten years before the alleged injury, and if the jury found that the mare came onto defendant's track at such point, then the company would not be liable, and they should find for defendant, were proper instructions, and should have been given.

2. ———: EXCESSIVE VERDICT: REMITTITUR. The verdict of a jury rendered in a cause for an amount in excess of what is justified by the evidence, will be set aside, and the cause reversed, unless a remittitur be entered for the excess.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*Olden & Orr* for appellant.

Defendant's demurrer to plaintiff's evidence should have been sustained. *First,* because there was no proof that defendant owned or operated a railroad as alleged or at all. *Gilbert v. R'y,* 23 Mo. App. 65; *Lindsay v. R'y,* 36 *Id.* 51; *second,* because the evidence shows, if it shows anything, that the mare was struck on a public crossing, if struck at all. *Cecil v. R. R.,* 47 Mo. 246; *Morris v. R. R.,* 79 *Id.* 371; *Sullivan v. R. R.,* 72 *Id.* 197; *McPheeters v. R. R.,* 45 *Id.* 24; *Meyer v. R. R.,* 35 *Id.* 353.

Instruction number 1 given at request of plaintiff is erroneous. *Goodwin v. R'y,* 53 Mo. App. 9; *Lindsay v. R'y* 36 *Id.* 51.

Defendant's instructions, numbered 1 and 2, refused, were based on the evidence by plaintiff's own witnesses, and should have been given. *Luckie v. R'y,* 76 Mo. 639; *Soward v. R'y,* 33 Iowa, 387; *Brown v. R'y,* 20 Mo. App. 432; *State v. Walters,* 69 Mo. 463; *Giltz v. R. R.,* 65 Mo. App. 447; *Roberts v. R. R.,* 43 *Id.* 287.

The evidence leaves it in doubt, whether the mare was ever struck by anything, but tends to show that in running across the track fell and received the injuries complained of, and defendant's third refused instruction should have been given. *Foster v. R. R.,* 90 Mo. 116; *Lafferty v. R. R.,* 44 *Id.* 291; *Hughes v. R. R.,* 66 *Id.* 325; *Seibert v. R. R.,* 72 *Id.* 565; *Halferty v. R. R.,* 82 *Id.* 90.

No brief filed for respondent.

BLAND, P. J.—This suit was to recover double damages, under section 2611, Revised Statutes, 1889, for an alleged injury to plaintiff's mare. It was averred that the defendant owned and operated the cars

which wounded and crippled plaintiff's mare. The answer was a general denial. There was no direct evidence that defendant did own and operate the cars on the railroad, where the evidence tended to prove the mare was wounded. There was evidence, however, that a train of cars ran along and over the road where she was wounded, about the time she was struck, and the road was referred to by some of the witnesses as the defendant's road, and questions were asked by plaintiff's counsel referring to the road as defendant's road, without objection.

This case does not come within the reason of *Gilbert v. Railway*, 23 Mo. App. 65, and *Lindsay v. Railway*, 36 Mo. App. *loc. cit.* 53. In each of these cases there was an entire lack of evidence that a train had ever run over that portion of the road where the animals were killed, and no reference was made, anywhere in the record, to the defendant as owner of the road, by witness or counsel. The court refused the following instructions asked by defendant:

STOCK injured on unfenced right of way: public crossing: evidence: instructions.

"1. The court instructs the jury that if you find from the evidence that the mare came onto the track at a point where it was crossed by a road which had been used by the public for a term of ten years before the alleged striking, then the company would not be liable in this case and you should find for the defendant."

"2. That a railroad company is not required to fence its right of way at a point where it is crossed by a road which has been traveled by the public for a term of ten years, and it makes no difference that such road was not worked by the public or recognized by the county court."

There was evidence tending to prove that the mare was struck at the crossing of a neighborhood road; a

road in fact, used by the public.    Such a highway as was held in *Roberts v. Railroad*, 43 Mo. App. 287, and in *Walton v. R. R.*, 67 Mo. 56, as the railroad was not required to fence.    These instructions should have been given.    The only testimony found in the record as to the value of the mare was that of A. J. Harbison, who estimated her value at $40.    The jury assessed her value at $50.    Such a verdict should not be permitted to stand unless the plaintiff should timely enter a *remittitur* of the excess.

<span style="font-variant: small-caps">Excessive ver-<br>dict: remit-<br>titur.</span>

Judgment reversed and cause remanded.    All concur.