LOGAN, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 4, 1905.

RAILROADS: Double Damages: Prima Facie Case.  In an action against a railroad company for double damages for killing and injuring stock, under section 1105, Revised Statutes of 1899, at a point where the railroad was not fenced as required by law, evidence that the animals were found killed and injured a short d'stance from the track, without any showing that any train had recently passed that way or that the animals had been upon the track, was insufficient to submit the issues to the jury and a peremptory instruction for defendant should have been given.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort,* Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*L. F. Parker, James Orchard* for  appellant.

In the first and third  counts there is no evidence whatever of a collision with appellant's train, or with any other train, or that there was ever  a train ran  over

the road at or near where the property was found, and if there was a train or railroad, the testimony fails to state what train or road, which is fatal, and the demurrer should have been sustained. Gilbert v. Railway, 29 Mo. App. 65; Lindsay v. Railroad, 36 Mo. App. 53.

*Mozley & Wammack* for respondent.

### STATEMENT.

This action was commenced in the circuit court of Stoddard county. The petition is in four counts and prays double damages for the killing and injuring of stock under the provisions of the double damage statute, section 1105, R. S. 1899.

The petition is in the usual and approved form. The first count is for killing of one red heifer, of the alleged value of twelve dollars, December 24th, 1903. The second count is for injuries to one red bull, alleged damages, twenty dollars, March 31st, 1903. The third count is for the killing of one red steer, alleged damages, sixteen dollars, May 12th, 1903. The fourth count is for the killing of one hog, alleged damages, eight dollars, November 27th, 1903.

The answer was a general denial. The case was tried before a jury in the circuit court. The evidence on the part of the plaintiff tended to show and did show that at the various points where the animals mentioned were injured or discovered after injury, the railroad was unfenced; that it passed through and along adjoining uninclosed timber lands. None of the injuries occurred within the switch limits of any city, town or village, nor at any crossing of any public or private road.

The evidence is very meagre on the issues raised on all of the counts. The evidence tending to support the first and third counts is really inadequate to support the finding thereon. It is in substance as follows:

Plaintiff had missed the heifer. He had stock running unmarked in the neighborhood of the railroad.

Plaintiff and witness, Amos Smith, found the heifer buried near the railroad track. It had evidently been buried several days. They partially exhumed it and plaintiff was quite certain it was his heifer; does not positively identify it, but says he never saw nor heard of his heifer afterwards and it is quite certain this one was his property. On this count there is no evidence showing that railroad trains were operated at the point where the heifer was found nor at any other point on the railroad. There was nothing to show any signs of cattle having been on the right of way nor that track alarms were recently given by passing trains nor that trains had recently passed, nor is it shown that a railroad was in operation at the point mentioned at all. The record is barren of either direct or circumstantial evidence tending to show that this heifer was struck and injured by the railroad locomotive or trains. There must be some evidence of some kind of a collision.

The evidence tending to support the second count was to the effect that a bull owned by plaintiff was injured to the extent alleged in the petition and for which recovery was had. Mrs. Fry, a witness, passing, testified that he was knocked off there into the mud and water; that he was dripping when she saw him, and tells of the passing train.

The evidence on the third count with regard to the injury and subsequent death of the red steer, is to the effect that witness found the steer from one hundred and twenty-five to one hundred and seventy-five yards from the railroad. Its injury was described by witness as follows: "Why, his leg was broken for one thing and the bone run out of it and it was in bad shape and had the appearance of being done for a couple of days. It was bruised up like it had been run into by something and the fact of the business is, it looked like the cars had run into it." The evidence was that the steer died there. There was no evidence, either direct or circumstantial, tending to show that the steer had ever been upon the

railroad tracks or upon the right of way. There was no evidence tending to show that a train of cars had recently passed over the railroad at this point, nor was there anything other than the injury itself on the steer, tending to show an actual collision with the railroad locomotive or cars, nor facts proved from which a reasonable inference to that effect could be drawn.

The evidence on the fourth count was to the effect that the plaintiff's hog was run over and killed by a passing train of defendant at the time alleged and that a witness saw the occurrence.

At the conclusion of the plaintiff's evidence, defendant requested the court, separately on each count, to instruct the jury peremptorily that the finding on each of the counts should be for defendant. This the court declined to do. The case was submitted to the jury. The jury returned a verdict finding the issues for plaintiff on the first count, ten dollars; on the second count, fifteen dollars; on the third count, seven dollars and fifty cents and on the fourth count, six dollars.

Plaintiff filed a motion asking the court to double the verdict in his favor, which motion the court sustained and entered judgment for plaintiff for double the amount of the verdict. After unsuccessful motions for new trial and in arrest of judgment, the case is here by appeal. The only error assigned is the refusal of the court to give the peremptory instruction asked by defendant.

NORTONI, J. (after stating the facts).—Section 1105, R. S. 1899, under which this action was instituted, contemplates an actual collision between the locomotive or train and the animals injured. There must be some evidence, either direct or circumstantial, to this end. Gilbert v. Railway, 23 Mo. App. 65; Lindsay v. Railway, 36 Mo. App. 51. In this record there is no evidence, either direct or circumstantial, tending to show a collision between a locomotive or cars of appellant, and the

respondent's animals alleged to have been injured in the first and third counts of the petition, nor is there anything in the evidence from which the inference could be drawn that there was an injury so inflicted. In the first count, the evidence that the heifer was found buried near the railroad, evidently some days after its injury and death, in the total absence of evidence that a train had recently passed over the road at that point or that the heifer had been seen upon the track or other circumstances tending to connect appellant with the injury, certainly cannot support a verdict against appellant for the injury. To hold it sufficient would be equivalent to holding appellant liable for the death of the heifer for no other reason than that appellant had failed to construct its fences and cattle guards as required by the statutes even though no train had been operated on its road. The same is true as to the injury to the steer sued for on the third count. The mere fact that it was discovered some one hundred and twenty-five to one hundred and seventy-five yards from the track with its leg broken, which appeared in the witness' judgment to have been done a couple of days before by a train, in the absence of evidence showing the steer had been upon the railroad track or that trains had some time theretofore passed over the road at that point, is wholly insufficient to sustain a finding thereon. There are no circumstances connecting the injury complained of in either the first or third counts with the appellant's locomotives or trains. "The basis of circumstantial evidence is the known and experienced connection subsisting between the collateral facts proved and the fact in controversy." 1 Greenleaf on Evidence, sec. 11; Perkins v. Railway, 103 Mo. 52, 15 S. W. 320; Shaw v. Railway, 110 Mo. App. 561, 85 S. W. Rep. 611. Had there been proof that trains were being operated over this road at the time and place of the injury, and that the animals were either seen upon the track or upon the right of way or that cattle tracks or other evidence or marks of their

presence on the track or right of way had been seen or the sounding of a stock alarm had been heard, these would have constituted collateral facts from which the jury might have reasonably inferred the principal fact of the injury to the stock alleged, by the passing trains. But unfortunately for respondent, no such proof is in the record. Gilbert v. Railway, 23 Mo. App. 65; Lindsay v. Railway, 36 Mo. App. 51; Perkins v. Railway, 103 Mo. 52; Shaw v. Railway, supra.

It was error in the circuit court to submit the first and third counts to the jury. The two peremptory instructions requested by appellant on the first and third counts should have been given. The peremptory instructions requested by appellant on the second and fourth counts were properly refused by the court. There is substantial evidence to sustain the findings of the jury on the two last mentioned counts. The judgment will therefore be reversed as to the first and third counts and affirmed as to the recovery on the second and fourth counts in the petition. It is so ordered. All concur.